■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. EMANUEL GOLDBERG, Respondent.— Appeal by the People from an order of the Supreme Court, Kings County, entered on November 22, 1971, which granted defendant's motion to dismiss the prosecutor's information filed at the direction of the Grand Jury. Order reversed, on the law, motion denied and information reinstated. The Grand Jury directed the filing of a prosecutor's information charging defendant with the crimes of unlawful imprisonment (Penal Law, § 135.05) and endangering the welfare of a child (Penal Law, § 260.10). The minutes of the Grand Jury contained testimony of the complainant, a 10-year-old girl, to the effect that defendant blindfolded her in the street, led her to his apartment, raped her, then brought her to an apartment several flights up which was barren except for a mattress, and left her there for several hours with the door locked. The detective who found the complainant testified that defendant had admitted locking the girl in the barren apartment after the girl had found her way into his apartment. Upon motion of defendant, the Grand Jury minutes were inspected and the information subsequently dismissed by the Criminal Term on the ground that the evidence before the Grand Jury was not legally sufficient to support the charge, i.e., that the offenses of unlawful imprisonment and endangering the welfare of a child are intrinsically related to the rape charge, or were committed in the act of effecting the rape, and such offenses cannot avoid the requirement of corroboration which is lacking in the evidence submitted to the Grand Jury. In our opinion, corroboration of the complainant's testimony was not required, since the crimes of which defendant stands charged were completely independent of the earlier act of consummated rape charged by the complainant (*People* v. *Peters*, 26 N Y 2d 774; *People* v. *Moore*, 23 N Y 2d 565; *People* v. *Lennon*, 22 N Y 2d 677). The People have

made out a prima facie case against defendant. The ultimate question of guilt should be resolved by the triers of the facts and not by a dismissal of the information as was done here. Martuscello, Acting P. J., Latham, Gulotta, Christ and Benjamin, JJ., concur.