Per Curiam.

The order appealed from should be reversed and the order of the County Court, dismissing the indictment, reinstated.
By statutory mandate independent corroboration of the testimony of the complaining witness is required to sustain charges involving sex offenses prosecuted under article 130 of the Penal Law, with the limited exception of prosecutions for sexual abuse in the third degree (Penal Law, § 130.15; see, also, People v. Linzy, 31 N Y 2d 99, decided herewith; People v. Radunovic, 21 N Y 2d 186). Corroboration must extend to every material element of the crime (People v. Radunovic, 21 N Y 2d 186, supra; People v. Bravender, 35 A D 2d 1035), and must be of the same character and quality as required to sustain a conviction for rape under section 2013 of the former Penal Law (see Practice Commentary, Denzer and McQuillan, McKinney’s Cons. Laws of N. Y., Book 39, Penal Law, § 130.15; Legis. Bull. No. 28 [1971] Assoc. of the Bar, City of New York).
Here the indictment, founded upon the unusually credible testimony of the complaining witness, charged the defendant with sodomy in the third degree and sexual abuse in the first degree (see Penal Law, §§ 130.40, 130.65). To be sure, the testimony of one eyewitness places the defendant with the complainant in a local department store shortly before the acts complained of and is amply corroborative of the boy’s story that the defendant was then engaged in some ploy calculated at detaining him without cause. Though we agree that when taken as a whole this testimony was corroborative of some connection between the defendant and the complaining witness, and under ordinary *973 circumstances would establish guilt beyond a reasonable doubt, there is simply no corroboration of a defined sexual transaction or of forcible compulsion essential to sustain a conviction on the charges appearing in the indictment.
Prosecutions of this sort do, indeed, present special problems and because medical confirmation of the act itself is rare, convictions are unlikely. In the face of the evidence before us, any rule which would serve to frustrate the prosecution of such offenses must be drawn into serious question (People v. Linzy, 31 N Y 2d 99, supra, decided herewith).