Pierre G-. Litítoberg, J.
This de novo indictment accuses the defendant .of the following crimes committed on or about June 20, 1972: first count — burglary in the first degree; second count.— rape in the first degree; third count — .assault in the third degree; fourth count — burglary in the first degree; fifth count — burglary in the second degree; sixth count — grand larceny in the third degree.
This is a motion by the defendant for an order (1) to inspect the Grand Jury minutes and to dismiss this indictment; (2) a Huntley hearing; and (3) discovery of a copy of any and all alleged written statements made by the defendant to law enforcement authorities, and for a transcript, if any, of alleged oral statements made to law enforcement authorities herein.
A review of the Grand Jury minutes indicates that evidence before the Grand Jury was legally sufficient to support every essential element of rape in the first degree by forcible compulsion. What is lacking is corroboration of the identity of the perpetrator. The alleged act occurred approximately one and one-half hours prior to the effective date of chapter 373 of the Laws of 1972 amending section 130.15 of the Penal Law, sex offenses; corroboration.
The leading Court of Appeals case, People ex rel. Pincus v. Adams (274 N. Y. 447, 454-455), makes application of revised section 130.15 of the Penal Law ex post facto with respect to the crimes alleged in this indictment. “ Every law that alters the legal rules of evidence and receives less or different testimony than the law required at the time of the commission of the offense, in .order to convict the offender ” renders application of section 130.15 of the revised Penal Law ex post facto. (See, also, People v. Linzy, 31 N Y 2d 99, decided by the Court of Appeals July 7, 1972.)
This reasoning also applies to the other counts of this indictment, People v. Radunovic (21 N Y 2d 186, 189), “ if this were not the rule, then it would be easy for a prosecutor or a Grand Jury to evade the requirement of corroboration by charging assault with intent to., commit rape or third degree assault ”.
Based solely on the failure to corroborate the material element of identification, this court reluctantly dismisses all counts of this indictment and .authorizes the People to resubmit the charges to another Grand Jury.
Defendant’s motions (2) .and (3) are denied as moot.