█ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. DOMINIC S. RINALDI, Defendant.— Motion for the court to inspect Grand Jury minutes and dismiss an indictment charging three counts of perjury and one count of obstructing governmental administration, originally brought before the Supreme Court of the State of New York, Appellate Division, Second Department, pursuant to subdivision 2 of section 149 of the Judiciary Law, and transferred to this court by order of the Appellate Division, Second Department. A Special Grand Jury was convened in Kings County in 1972. Among other things, its purpose was to conduct an inquiry into whether crimes of bribery, bribe receiving and the crime of rewarding official misconduct had been committed in the county. Defendant, a Justice of the Supreme Court, became a target of the investigation. He appeared before the Grand Jury, waived immunity and testified. He was subsequently indicted on three counts of perjury and one count of obstructing governmental administration. The present motion seeks an examination of the Grand Jury minutes and a dismissal of the indictment. The reasons urged for the dismissal are: (1) lack of jurisdiction; (2) bad faith on the part of the prosecutor; (3) imprecise questions; and (4) insufficient evidence to sustain the indictment. The instant indictment pertains to three alleged events which stem from two criminal matters. The first count of the indictment concerns a criminal charge of larceny against one Gomes and others. It charges that Rinaldi "swore falsely when he testified that he never personally intervened with the District Attorney in order to obtain a misdemeanor plea for the defendants in the Gomes case." The District Attorney testified that one of the defense attorneys claimed the Assistant handling the case reneged on a promise for a misdemeanor plea; that the District Attorney summoned the Assistant, listened to his version, notified those present that he accepted the Assistant's version, and the meeting came to an end shortly thereafter. The District Attorney testified unequivocally that he had no recollection of Rinaldi saying anything. It is significant that Rinaldi is charged with falsely stating he did not intervene with the District Attorney personally to obtain a lesser plea. An examination of the Grand Jury minutes pertaining to this charge establishes at most that Rinaldi was present when the matter was discussed. His presence, in the absence of any conversation on his part, is as consistent with innocence as it is with a guilty motive. The People had the burden of establishing that Rinaldi understood the situation and intentionally answered falsely. The alleged meeting took place some time six years prior to Rinaldi's appearance before the Grand Jury. From an analysis of all the pertinent testimony relating to this charge, we are of the opinion that there is insufficient testimony to substantiate it. (*People v. Lombardozzi*, 35 A D 2d 528, affd. 30 N Y 2d 677.) The second count also involves the Gomes matter and much of the same reasoning and analysis applies with equal force. Specifically, Rinaldi is charged with swearing falsely when he testified that he reported a "fix" representation to an Assistant District Attorney. Rinaldi and the two attorneys for Gomes and a codefendant of Gomes testified unequivocally that all three went to the District Attorney's office and reported the incident to an Acting District Attorney in the absence of the District Attorney. The Acting District Attorney initially testified that he had no recollection of the alleged meeting and then,

after some suggestive questioning, stated that he had contact with none of the three. Another Assistant District Attorney also testified he had no recollection of the incident. The record reveals that there is substantial doubt as to the actual presence of this second Assistant at the meeting. Again, an analysis of all of the testimony, in our view, establishes that the second count must be dismissed, not only for lack of corroborative testimony, but for insufficiency. (*People* v. *Lombardozzi, supra*; see *People* v. *Samuels,* 284 N. Y. 410.) The third count of the indictment concerns the circumstances surrounding a *coram nobis* hearing of one McCauley. Examination of the Grand Jury minutes reveals there is sufficient proof to sustain this count. The fourth count of the indictment is contingent on the viability of at least one of the other three counts. Since we have sustained the third count, the motion to dismiss the fourth count is denied. We have considered the other reasons urged for dismissal of the indictment and have found them to be without merit. Motion for the court to inspect Grand Jury minutes granted. Motion to dismiss indictment granted insofar as it seeks dismissal of counts one and two thereof, and, in all other respects, motion denied. Staley, Jr., J. P., Greenblott, Sweeney, Main and Reynolds, JJ., concur.