Fbedebic ¡S. Berman, J.
An examination of the appropriate legal authorities reveals this to be a case of first impression.
Defendant was arrested on January 23,1974, and charged with the offenses of rape in the first degree (Penal Law, § 130.35), sodomy in the first degree (Penal Law, § 130.50), and possession of a dangerous weapon (Penal Law, § 265.05). These offenses were allegedly committed on November 14, 1973. Subsequently, the Grand Jury failed to indict defendant for the rape and sodomy charges, on the ground that there was no corroboration of the complainant’s testimony as to the intercourse, but directed that an information be filed on the weapons charge. The information on the possession of a dangerous weapons charge was filed on March 18, 1974.
Defendant now moves to dismiss the information on the ground that the offense of possession of a dangerous weapon requires an “ intent to use unlawfully"[1] and the only proof of unlawful intent would be the complainant’s testimony that she was raped. Since there can be no conviction for rape due to lack of corroboration, defendant contends that the uncorroborated testimony of the complainant cannot now be used to convict defendant of the weapons charge.
In order for the court to address itself to defendant’s contention, a brief recapitulation of the legislative history of laws pertaining to corroboration is required.
The law of corroboration regarding sex crimes has had a long history in the State and has undergone many revisions. The Penal Law of 1909 required corroboration of a victim’s testimony in sex offenses only for the offense of rape (former § 2013), and the courts at that time held that ‘ ‘ the corroboration must extend to every material fact essential to constitute the crime [of rape] ” (People v. Page, 162 N. Y. 272, 274-275). Initially, the courts did not require corroboration of the victim’s testimony when a defendant was charged with attempted rape (People v. McGhee, 19 A D 2d 845); assault with intent to commit rape (People v. Chimino, 270 App. Div. 114, affd. 296 N. Y. 554); incest (People v. Gibson, 301 N. Y. 244), and other offenses *392 related to the offense of rape, on the grounds that the Penal Law only required corroboration for the actual crime of rape and that since thebe other related crimes did not require corroboration, a defendant could be convicted of any of these related crimes on the uncorroborated testimony of the victim that a consummated rape occurred.
However, the Court.of Appeals subsequently overruled this line of cases and held that convictions for the crimes of attempted rape, assault and other offenses related to rape could not be sustained where the only evidence against defendant was the uncorroborated testimony that a consummated rape had occurred (People v. Lo Verde, 7 N Y 2d 114; People v. English, 16 N Y 2d 719; People v. Colon, 16 N Y 2d 988; People v. Radumovic, 21 N Y 2d 186). The reasoning of the Court of Appeals in these various cases was that the only testimony implicating defendant in these nonrape charges was testimony of an actual rape. If no corroboration was to be required in these types of cases, a prosecutor could circumvent the corroboration requirement by charging the defendant with an offense which did not require corroboration (People v. Lo Verde, supra).[2]
The new Penal Law of 1967 extended the corroboration requirement riot only to every sex offense in new article 130, but also to an attempt to commit such sex offense (§ 130.15).[3] In effect, this codified the rule enunciated in People v. English (supra), and modified the holding in People v. Colon (supra), by requiring corroboration in a prosecution of attempted rapé when the evidérice shows that the rape was not consummated (Denzer and McQuillan, Practice Commentary, McKinney’s Cons. Laws of N. Y., Book 39, § 130.15 of the 1967 Penal Law).
The corroboration requirements of the 1967 Penal Law lasted only five years. On May 22, 1972, section 130.15 was amended by the Legislature (L. 1972, eh. 373). The amended section only required a corroboration of the victim’s testimony that an attempt was made to engage the victim in intercourse and that the victim did not consent to the intercourse. Of more importance to this case, however, was the addition of subdivision 5 of section 130.15. The pertinent part of this subdivision states the following: “ This section does not apply to a conviction for any *393 offense defined in any provision of law outside this article. Unless expressly provided by statute, the requirements of corroboration prescribed in this section do not become applicable in a prosecution for, any such offense because commission of or intent to commit cm offense defined in this article was an element and integral part of such other offense ” (emphasis added).
Most recently, on March 21, 1974, the Legislature repealed section 130.15 (L. 1974, ch. 14, § 1). Today, corroboration is not required for conviction of any sex offense except where the lack of consent of the victim to the act results from an incapacity to consent because df age, mental defect, or mental incapacity (Penal Law, § 130.16).
In People v. Sigismondi (49 Misc 2d 1, affd. 21 N Y 2d 186), defendant was charged'with two counts of second degree assault and one count of felonious possession of a dangerous weapon, i.e., .a knife, with intent to use unlawfully (former § 1897, subd. 9, now sectiop 265.05, subd. 9). The evidence before the Grand Jury consisted of the victim’s testifying that .¡she was forcibly abducted into a car by two men; and that she was raped by each man in turn while the other held a knife to her throat and threatened to cut her if she didn’t stop screaming. The court dismissed the assault counts on the authority of Lo Verde, English, and Colon and then addressed itself to the weapons possession charge. The court stated (pp; 8-9) that: “possession of the knife is only a criminal act if possessed ‘ with intent to use the same unlawfully against another ’ * * * and the proof in that regard depends upon the uncorroborated testimony of the female complainant that the defendants placed it against her throat and thereby committed the assault alleged in the first count of the indictment. Accordingly, the proof required to establish the possession ‘ with intent to use ’ and the assault with a dangerous weapon is identical. To give full accord to Lo Verde, as amplified by English and Colon, it must be held as a matter of law that the third count indictment charging the defendants with possession of a dangérous weapon which, under the proof in this ease, was used solely to accomplish the commission of the uncorroborated rape, cannot withstand attack because it would permit a conviction by circumvention of the rule requiring corroboration as that rule is enunciated in those cases.”
Five years after Sigismodi was decided by the Court of Appeals, subdivision 5 of section 130.15 was enacted. The Supplemental Practice Commentary of the new amendment states: “ New subdivision 5 constitutes a departure from the rules as interpreted in People v. Radunovic and People v. Sigismondi, *394 1967, 21 N. Y. 2d 186 * * * and, in fact, 'overrules the holdings in these cases. Now, if a victim testifies to a completed rape, corroboration is not necessary to support the defendant’s conviction for assault associated therewith or for possession of a dangerous weapon used in aid thereof. Of course, if uncorroborated, the evidence would not support a conviction for rape. ” (Emphasis added.) Hechtman, Supplemental Practice Commentary of amended § 130.15. McKinney’s Cons. Laws of N. Y., Book 39, Penal Law, Annual Pocket Part for use in 1973-1974, pp. 165,166.)
In addition to the Practice Commentary, the Governor’s memorandum, after approving the amended section 130.15, is helpful in determining the intent of the legislation. The Governor stated that ‘ ‘ the bill further eliminates the wholly illogical content of the present law which says, ill effect, that if the charge of sexual assault is not proved, neither can identical charges, such as bodily assault or possession of a weapon, be proved. Under this bill, these incidental charges may be considered separately oh their merits, even should the rapé charges fail, a clear victory for logic.” (McKinney’s 1972 Sess. Laws of N. Y., vol. 2, p. 3389.)
It is clear that references to the offense of possession of a weapon in both the Governor’s memorandum and the Supplemental Practice Commentary refer to possession of a weapon with intent to use unlawfully, not possession of a “ per se"” weapon (where no intent to use unlawfully is needed for conviction) (People v. Edge, 76 Misc 2d 802; People v. Wade, 31 A D 2d 657).[4]
In the instant case before this court, the rapé allegedly took place on November 14,1973. Hence the applicable statute to be applied to the facts herein is the 1972 amendment to section 130.15. Subdivision 5 of that section was specifically enacted to deal with the type of case presented hére.
In view of all of the foregoing, defendant’s motion to dismiss is denied.

. Counsel for defendant contends, and the District Attorney concedes in his memorandum, that the knife which defendant is accused of possessing is not a “ per se ” weapon. Therefore, the offense which defendant is charged with falls under subdivision 9 of section 265.05 of the Penal Law, which requires an intent to use unlawfully before a defendant could be convicted.

. However; if the testimony of the victim was that the rape was not consummated, the corroboration" of the victim’s testimony would not be required to convict the defendant of the assault or attempted rape offense (People v. Colon, supra).

..The crimes of sexual abuse in the third degree and attempted sexual abuse in the third degree do not require corroboration.

. Even before the -1972 amendment to section 130.15, a defendant could be convicted of possession of a “ per se ” weapon when there was testimony that he raped a woman. In fact, testimony of a rape would be irrelevant to convict, under the statute. The crime of possession óf a “per se” weapon is entirely separate and unrelated to the crime óf rape. Before the 1972 amendments, the courts had sustained convictions of unrelated crimes although there was uncorroborated testimony of a rape by the victim (People v. Peters, 26 N Y 2d 774; People v. Moore, 23 N Y 2d 565; People v. Lennon, 22 N Y 2d 677; People v. Jenkins, 22 N Y 2d 675).