Joseph M. O ’Donnell, J.
This is a motion to dismiss a prosecutor’s information in the interest of justice, pursuant to CPL 170.30 (subd. 1, par. [g]) and CPL 170.40. Defendant is charged with sexual abuse in the third degree, in violation of section 130.55 of the Penal Law. Defense counsel submits that the interest of justice requires that the questions of law involved in this case be decided now in order to spare defendant the rigors, humiliation and expense of a trial.
At a hearing upon a felony complaint charging defendant with sexual abuse in the first degree (Penal Law, § 130.65, subd. 3), the court held defendant for action of the Grand Jury. Subsequently, County Court Judge Fbank L. Gates ordered the felony complaint returned to District Court for reconsideration ‘ ‘ in the interest of justice ” and at the People’s request. The District Attorney then filed a prosecutor’s information charging defendant with sexual abuse third (Penal Law, § 130.55). It is that information now before this court.
The information states that: ‘ ‘ The defendant did have sexual contact with another person without the latter’s consent, to wit: the defendant did touch the private parts of Dean Nichol without his consent. ’ ’
Defense counsel submitted an affidavit supporting 'his motion, stating that no corroboration exists in this case, and citing the People’s affidavit to this effect dated September 17, 1974.
Defendant argues first that section 130.16 of the Penal Law requires corroboration of the testimony of the alleged victim even where the offense charged is sexual abuse in the third degree (citing L. 1974, ch. 14, eff. March 21,1974). (The alleged crime took place in July, 1974 subsequent to the effective date *792 of the new law.) Defendant asserts that even if corroboration is not required, where the facts which constitute the basis of the offense constitute sexual abuse in the first degree, the requirement for corroborative evidence may not be circumvented by the People by reducing the charge to sexual abuse in the third degree.
Defendant cites People v. Doyle (31 A D 2d 490, affd. 26 N Y 2d 752) to support his second contention. In Doyle a defendant was accused of acts amounting to rape but the court held that corroboration of the victim’s testimony was required to sustain a conviction of sexual abuse third where that crime ordinarily did not call for corroboration. The court’s decision was based upon the old corroboration statute (§ 130.15) and stated the following (p. 499): “ In sum, we construe section 130.15 to mean that corroboration is unnecssary if the actual offense committed, charged and proved is sexual abuse in the third degree; but that corroboration is still required if the actual offense committed and proved is a sex crime for which corroboration is required by statute (such as rape) and the offense charged is only sexual abuse in the third degree.”
Defendant argues that ‘ ‘ since there can be no conviction under § 130.55 unless the alleged act was performed without the consent of the alleged victim, and since, in the instant case, the inability of the alleged victim to cons'ent resulted solely from, incapacity to odmsent because of the alleged victim’s age, there can be no conviction without the corroboration required by § 130.16.” (Emphasis added.)
This argument is of no avail to defendant because the prosecutor’s information now before the court makes no mention of the alleged victim’s age, nor is it required to.
Distinguishing Doyle, we might point out that although this defendant was originally charged with sexual abuse first, there has been no “ proof,” as in Doyle, that this higher crime was committed.
Furthermore, even if the People proved conduct amounting to sexual abuse first on a sexual abuse third information, there is no circumvention of the corroboration requirement because the new corroboration statute (§ 130.16) states that corroboration is called for when lack of consent stems solely from age. But in sexual abuse cases, nonacquiescence of the victim may be a second cause of the statutory lack of consent. (§ 130.05, subd. 2, par. [c].) Because it is stated twice that defendant’s alleged actions were done without the victim’s consent, the court finds present nonacquiescence of the section 130.05 (subd. 2, par. [c]) *793 variety. Therefore, this court cannot dismiss the information before it on the basis of lack of corroboration.
Regardless of whether lack of consent stems from age, clearly here it also stems from nonacquiescence, thus rendering corroboration unnecessary since it does not stem solely from incapacity to consent. There is no resulting “ circumvention ” of corroboration requirements as in Doyle. Due to repeal of the statute underlying the court’s decision in Doyle, the holding in that case is now inoperative.
The prosecutor’s information before the court is not insufficient on its face because it complies with the pertinent requirements of CPL 100.40 (subd. 3) and CPL 100.35.
Defendant’s motion to dismiss is denied.
New trial date: March 11,1975.