OPINION OF THE COURT
Irene J. Duffy, J.
This case involves a petition brought against a juvenile charged with conduct which (if he were an adult) would constitute sexual abuse in the second degree and unlawful imprisonment in the second degree.
According to the testimony of the complainant, a 13 year old, she first saw respondent on the second floor of her apartment building while she was knocking on a friend’s door. The friend was not home, and according to complainant’s testimony, she entered the elevator where she was alone in the elevator with respondent. When she attempted to exit on the fourth floor, the respondent grabbed her waist and pulled her back onto the elevator. At this point in time, complainant screamed. The complainant further testified that although she struggled to stay on the elevator, the respondent pulled her off the elevator and into the stairwell at the sixth floor. There, while both were fully clothed, respondent pushed complainant to the floor putting her body face up on top of his body, which was now lying in a prone position, and commenced thrusting his penis into her buttocks. According to complainant, she bit respondent’s hand in the struggle but because of fright was unable to scream.
The respondent finally stopped.
After the incident was terminated, complainant testified that she went immediately to her own apartment in the building. Her mother, who arrived home within a short time thereafter, testified that she observed the complainant, who the mother stated was 13 years old, in a distraught and disheveled state. Complainant’s mother further testified that she immediately examined the girl and observed that the girl’s waist was red.
*547 Charges were brought in Family Court of acts which if respondent were an adult would constitute sexual abuse, second degree, under section 130.60 of the Penal Law and unlawful imprisonment under section 135.05 of the Penal Law. The acts, according to the petition involved force, restraint of liberty and sexual contacts against the victim’s will. Application was made, immediately prior to the hearing to amend the petition to allege sexual abuse, first degree, under section 130.65 of the Penal Law. Because of the respondent’s claim of surprise and prejudice and in the interest of justice, that application was denied.
Section 130.60 of the Penal Law (sexual abuse, second degree) provides in relevant part: "A person is guilty of sexual abuse in the second degree when he subjects another person to sexual contact and when such other person is: * * * 2. Less than fourteen years old.”
No mention is made in this section of the need for corroboration.
At the end of the case, respondent moved to dismiss the charge for failure to establish the case beyond a reasonable doubt claiming corroboration is an element of the crime of sexual abuse, second degree. In doing so, respondent relies upon Arnold D. Hechtman’s commentaries (McKinney’s Cons Laws of NY, Book 39, Penal Law, § 130.16, pp 455-458). These commentaries appear to indicate that in Mr. Hechtman’s opinion corroboration is required. While I have great respect for Mr. Hechtman and his work, the commentaries prepared clearly are not intended to and do not take into consideration every factual pattern presented in a courtroom and, moreover, are not binding on this court. This court must look instead to the statute itself.
There is no requirement in section 130.60 of the Penal Law that there be proof of corroboration of sexual abuse in the second degree — particularly where the facts as here, plead, and show to the court’s satisfaction that force was used on the victim. (See People v Yanik, 43 NY2d 97 [concerning the amount of force required].) It is true that in some circumstances the commentaries of Mr. Hechtman concerning this section are indeed useful and may apply, for example, where the complainant is under the age of consent and had not resisted the actions of the accused and where the nonconsent is presumed solely because of her age. (Hechtman, Practice Commentaries, McKinney’s Cons Law of NY, Book 39, Penal *548 Law, §§ 130.16, 130.05, pp 455-458, 451-452.) That is not, however, the case which is presented here.
In ignoring and omitting the requirement of corroboration from the general class of offense, it cannot now be said that the Legislature sought to make corroboration a required element in every case brought under this section. If corroboration is not needed for sexual abuse, first degree, it would seem illogical for the Legislature to require corroboration for sexual abuse, second degree, so as to deprive the underage complainant, upon whom force was used, protection merely because of her age. While, as stated previously, it is true that where lack of consent may be presumed solely because of age — corroboration may then be required under section 130.16 of the Penal Law — there is no such requirement here where actual force was proved to have been used and where there was nonacquiescence of the victim. (Penal Law, § 130.05, subd 2, par [c]; People v Bianchi, 55 AD2d 993; People v Levinsohn, 80 Misc 2d 790, revd on other grounds 88 Misc 2d 177.)
The case of People v Levinsohn (supra) is particularly relevant to the question at hand. In that case the felony complaint charging defendant with sexual abuse in the first degree was returned to the District Court for reconsideration in the “interest of justice” and a prosecutor’s information charging sexual abuse, third degree, was then filed. The defendant moved to dismiss the indictment arguing that corroboration was necessary. The court stated that (p 793) “[r]egardless of whether lack of consent stems from age, clearly here it also stems from nonacquiescence, thus rendering corroboration unnecessary since it does not stem solely from incapacity to consent.”
As an ancillary argument respondent argues that the act of thrusting one’s penis into the buttocks of the struggling complainant while both were fully clothed does not constitute “sexual contact” within the meaning of the statute. In support of his argument respondent again cites Mr. Hechtman’s commentaries which indicate that sexual abuse requires touching or manipulation of the sexual parts of the victim. Once again, I must disagree with the commentaries. The abuse of one’s body and privacy with the intention to obtain sexual gratification on the part of the abuser is sufficient to constitute sexual abuse. It clearly was the intention of the Legislature to insulate a person from this type of attack. There is no requirement that erogenous zones of the victim be touched or manip *549 ulated by the aggressor nor is there any requirement that the aggressor be attempting to excite the erotic desires of the victim. The violation occurs whether or not such was the intention.
Further argument advanced by respondent’s attorney that the charge of unlawful imprisonment, second degree, under section 135.05 of the Penal Law does not exist independently of the charge of sexual abuse, second degree, is equally without merit. (People v Bianchi, 55 AD2d 993, supra, wherein the Appellate Division affirmed convictions of sexual abuse, first degree, and unlawful imprisonment; see, also, People v Goldberg, 39 AD2d 948.)
Clearly, the elements of each of these crimes are totally different and each can stand independent of the other. There can be the crime of sexual abuse, second degree (e.g., underage victim who without resistance engages in acts of sexual abuse, second degree), without an unlawful imprisonment. And, of course, by the same token the reverse is true.
In support of his theory respondent relies on People v Goldberg (supra). A reading of that case, however, does not support respondent’s position on either the fact or the law. Indeed, the case would appear instead to support the theory that these are indeed independent charges. In that case the Appellate Division reversed the Supreme Court’s dismissal of an information charging unlawful imprisonment and endangering the welfare of a child on the grounds that these crimes were intrinsically related to and committed in the act of rape which required corroboration. The Appellate Division there stated specifically that (p 904) "corroboration of the complainant’s testimony was not required, since the crimes of which the defendant stands charged were completely independent of the earlier act of consummated rape charged by the complainant.”
The cases which have held that there is a merger of the crime of kidnapping and lesser crimes are also inapplicable to the charge of unlawful imprisonment. Even as applied to kidnapping the purpose of these cases was not to exclude all abductions designed to effect other crimes. Instead, the purpose of these cases is to prevent gross distortions of lesser crimes into the far more serious crime of kidnapping when the asportation was an inseparable part of the ultimate crime. This theory and its purpose have no appropriate application to unlawful imprisonment. (People v Watson, 57 AD2d 143, 149.)
*550 It is clear that the proof at the hearing compels the conclusion that the respondent did commit the acts alleged in the petition.
Petition sustained.