THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RONALD J. PAWLEY, Respondent.

Fourth Department, December 14, 1979

**APPEARANCES OF COUNSEL**

*Lawrence T. Kurlander, District Attorney (Sharon P. Stiller* of counsel), for appellant.

*Norman A. Palmiere* for respondent.

## OPINION OF THE COURT

HANCOCK, JR., J.

In 1974, the Legislature substantially reduced the statutory requirements of corroboration for conviction of sex offenses. Section 130.16 of the Penal Law now provides:

"A person shall not be convicted of consensual sodomy, or an attempt to commit the same, or of any offense defined in this article of which lack of consent is an element but results solely from incapacity to consent because of the alleged victim's age, mental defect, or mental incapacity, or an attempt to commit the same, solely on the testimony of the alleged victim, unsupported by other evidence tending to:

"(a) Establish that an attempt was made to engage the alleged victim in sexual intercourse, deviate sexual intercourse, or sexual contact, as the case may be, at the time of the alleged occurrence; and

"(b) Connect the defendant with the commission of the offense or attempted offense."

The effect of the enactment of section 130.16 (L 1974, ch 14) and the repeal of its predecessor, section 130.15 (L 1965, ch 1030, as amd by L 1972, ch 373, repealed by L 1974, ch 14) was to remove the requirements for corroboration of a victim's testimony in prosecutions for sex offenses except for consensual sodomy and sex offenses where the victim's lack of consent results solely from an incapacity to consent because of the victim's age, mental defect, or mental incapacity.[1]

This appeal poses a legal question (apparently not addressed in any reported decision): i.e., whether an indictment returned by a Grand Jury on uncorroborated evidence for one of the crimes enumerated in section 130.16 of the Penal Law must be dismissed.

---

1. Prior to 1972, section 130.15 (L 1965, ch 1030) read: "A person shall not be convicted of any offense defined in this article, or of an attempt to commit the same, solely on the uncorroborated testimony of the alleged victim." It was construed to require corroboration of a victim's testimony with respect to every material element of the crime (see *People v Radunovic,* 21 NY2d 186). The 1972 amendment (L 1972, ch 272) modified this requirement in two significant respects: (1) the corroborative evidence need only extend to an attempt to engage in the alleged conduct; and (2) the identity of the defendant as the perpetrator need only be corroborated when lack of consent was not an element of the crime or resulted from incapacity to consent due to the victim's age.

Defendant was indicted on September 29, 1978 by a Monroe County Grand Jury for several offenses arising out of incidents involving two 15-year-old boys. The indictment charged him with two counts of sodomy in the first degree (Penal Law, § 130.50, subd 2; deviate sexual intercourse with a person incapable of consent by reason of being physically helpless) (counts one and two), two counts of sodomy in the third degree (Penal Law, § 130.40, subd 2; deviate sexual intercourse with a person less than 17 years old) (counts three and four), and four counts of endangering the welfare of a child (Penal Law, § 260.10, subd 1) (counts five through eight). Upon defendant's motion, Monroe County Court dismissed each count of the indictment except the last two counts of endangering the welfare of a child (counts seven and eight). The People appeal. For reasons hereinafter stated, we reverse the dismissal of counts one, two, five and six and affirm the dismissal of counts three and four.

We turn to the question of whether corroboration, required for conviction of sodomy third degree, where the requisite lack of consent is based on incapacity to consent due to the age of the alleged victim (Penal Law, § 130.16), is necessary to support an indictment for that crime. Concededly, the only evidence tending to establish that an attempt was made to engage the alleged victims in the deviate sexual intercourse and tending to connect the defendant with the commission of the acts was that of the two victims.

We hold that corroborated evidence at the Grand Jury stage is required for an indictment of a crime specified by section 130.16 and that, in view of the absence of such evidence, the court properly dismissed counts three and four. CPL 210.20 governs a motion for dismissal of an indictment as insufficient. That section, insofar as pertinent, provides, that a court may dismiss an indictment or any count thereof upon the ground that "[t]he evidence before the grand jury was not *legally sufficient* to establish the offense charged or any lesser included offense" (CPL 210.20, subd 1, par [b], emphasis added). CPL 70.10 (subd 1) defines "legally sufficient evidence" as "competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof; except that such evidence is not legally sufficient when *corroboration required by law* is absent" (emphasis added). Courts have applied these rules to require that an indictment should be dismissed where the

evidence before the Grand Jury would not warrant conviction by a trial jury (see, e.g., *People v Sacco,* 64 AD2d 324, 327; *People v Gallucci,* 62 AD2d 1129, 1130). Here, by the plain language of section 130.16, corroboration is "required by law" for conviction; absent such corroboration, the evidence cannot be "legally sufficient to establish the offense charged." Thus, counts three and four were properly dismissed.

This conclusion is supported by *People v Thompson* (30 NY2d 971), which deals with the corroboration requirement under former section 130.15. In *People v Thompson (supra)* the Court of Appeals struck down an indictment for the crimes of sexual abuse in the first degree and sodomy in the third degree because the Grand Jury minutes did not contain the necessary corroborative evidence to satisfy section 130.15. (See, also, *People v Salas,* 79 Misc 2d 390; *People v Dotson,* 72 Misc 2d 545.)[2]

The Court of Appeals holding in *People v Thompson (supra)* with respect to former section 130.15 applies equally to section 130.16. The differences between former section 130.15 and present section 130.16 (see n 1, *supra)* are not germane to the question before us: whether corroboration, required for conviction, is necessary to sustain an indictment. Presumably the Legislature was aware of the judicial application of section 130.15 as requiring corroboration at the indictment stage when it enacted section 130.16 and, had it intended a different construction, would have so indicated (see McKinney's Cons Laws of NY, Book 1, Statutes, § 191).

Our result is also consistent with the holding in *People v Rinaldi* (44 AD2d 745, affd 34 NY2d 843) in which an indictment for perjury was dismissed for insufficiency of the evidence before the Grand Jury due to lack of corroborative evidence. The wording of the pertinent statute in *Rinaldi* is: "In any prosecution for perjury * * * falsity of a statement may not be established by the uncorroborated testimony of a single witness" (Penal Law, § 210.50). Section 210.50 is similar to section 130.16 in that both require corroboration to estab-

---

2. It appears that the New York State District Attorneys Association considered former section 130.15 to be applicable at the indictment stage. In its memorandum supporting the proposed enactment of section 130.16 (1974 Legis Ann 21), the Association wrote: "Corroboration requirements allow guilty men to go free * * * [by] forcing Grand Juries willing to accept the complainant's credibility to nevertheless dismiss the case against the defendant because they have been advised that corroboration is lacking".

lish certain substantive components of specified types of crimes.

■ We do not find *People v Clarkson* (50 AD2d 903, 904) or *People v King* (48 AD2d 457, 459), relied on by the People, persuasive. These two cases relate to the corroboration requirement for accomplice testimony (CPL 60.22), pertaining to all criminal trials found in the Criminal Procedure Law. The accomplice testimony rule is not (unlike the corroboration requirements for perjury and sex crimes) a substantive provision in the Penal Law pertaining to requirements for proof of certain types of crimes.

■ Addressing ourselves briefly to counts one and two of the indictment, we hold that dismissal of these two counts was improper. They charge the defendant with engaging in deviate sexual intercourse with persons incapable of consent by reason of being physically helpless (Penal Law, § 130.50, subd 2; sodomy first degree). It is arguable that the brief Grand Jury testimony of each of the victims standing alone is insufficient to support a finding of physical helplessness.[3] However, a court may dismiss a count of an indictment on grounds of insufficiency of the evidence only if the evidence does not support the crime charged *or any lesser included offense* (CPL 210.20, subd 1, par [b]; *People v Leichtweis,* 59 AD2d 383, 387; *People v Frisbie,* 40 AD2d 334, 336). The crime of sexual abuse in the third degree is a lesser included offense of sodomy in the first degree (see *People v Kalicki,* 49 AD2d 1032; *People v De Jesus,* 46 AD2d 868). The evidence with respect to both counts could establish the charge of sexual abuse third degree and therefore, the motion to dismiss should not have been granted. Section 130.55 of the Penal Law provides that: "A person is guilty of sexual abuse in the third degree when he subjects another person to sexual contact without the latter's consent. Pursuant to section 130.05 (subd 2, par [c]) of the Penal Law where the offense charged is sexual abuse, lack of consent may be found in any circumstances "in which the victim does not expressly or impliedly acquiesce in the actor's conduct." The record as a whole shows that these two 15-year-old boys came under the influence of defendant, who was much older

---

3. The testimony of one alleged victim is that he had lost consciousness as a result of heavy intoxication and awoke to find defendant performing an act of sodomy upon him. He did not protest at that point. The other boy testified that he was awake but very intoxicated when the incident occurred and did not object because he "had too much to drink."

than they and who encouraged them to drink liquor and smoke marihuana. The testimony could support the conclusion that each boy's ability and will to resist defendant's advances had been removed by heavy intoxication and that each was incapable of rationally and voluntarily acquiescing in defendant's conduct.

■ Finally, counts five and six were also improperly dismissed. These counts charge the defendant with endangering the welfare of a child by acting "in a manner likely to be injurious to the physical, mental, or moral welfare of a male child less than sixteen years of age [Penal Law, § 260.10] * * * by providing liquor and encouraging [the child] * * * to consume said liquor in such a manner and in such a quantity as to render [the child] so intoxicated as to permit the performance of sexual acts upon [him]." Defendant argues that the charges are based on conduct constituting an offense referred to in section 130.16 of the Penal Law (i.e., the act of sodomy upon one unable to consent because of his age) and that therefore corroboration was required pursuant to section 260.11 of the Penal Law. Section 260.11 states: "A person shall not be convicted of endangering the welfare of a child * * * upon the testimony of the alleged victim as to conduct that constitutes an offense * * * referred to in section 130.16, without additional evidence sufficient pursuant to section 130.16 to sustain a conviction of an offense referred to in section 130.16". We find that the charges are not based on conduct constituting the offense of sodomy in the third degree based on incapacity to consent because of age. Rather, the gravamen of the charges is providing alcohol to the victims and encouraging them to drink it and become intoxicated. The significance of the allegation of the act of sodomy is secondary; it indicates that the effect of defendant's conduct in encouraging the youths to consume alcohol was so deleterious that it dulled their moral judgment to the extent that they permitted the performance upon them of such acts. The proof in this case that the defendant provided and encouraged the consumption of alcohol and that it had serious negative consequences on the victims is sufficient to support these two counts of the indictment (cf., e.g., *People v Bergerson*, 17 NY2d 398; *People v Ammirati*, 42 Misc 2d 797).

■ Accordingly counts one, two, five and six of the indictment should be reinstated.

DILLON, P. J., SCHNEPP, DOERR and WITMER, JJ., concur.

Order unanimously modified and, as modified, affirmed, in accordance with opinion by HANCOCK, JR., J.