OPINION OF THE COURT
Harold Fertig, J.
After the commencement of this jury trial and at the conclusion of the People’s case, the defendant made a motion to dismiss the information on the grounds that the People had failed to make out a prima facie case. The basis of the motion was that the evidence presented by the People did not support the requirement of section 130.16 of the Penal Law, which the defendant claims requires evidence corroborating the testimony of the victim, who was under 14 years of age.
The motion raised issues which were novel and not previously decided in this State. The defendant James Jones, Jr., is accused of a violation of section 130.60 of the Penal Law in that on April 26,1980 at or about 4:00 p.m. in Roosevelt, New York, he subjected the victim to sexual contact by fondling and sucking on her breasts and attempting to pull her pants down, and that she was less than 14 years of age.
*1083 The complainant testified that earlier on the day in question she was at the defendant’s house, which is two houses from where she lives. At that time he was home with his children and his wife was out shopping. It was a Saturday; the complainant was playing with the defendant’s children and had braided the youngest’s hair. Mr. Jones told her he loved her for being so nice to his children and he grabbed her around the waist. She then testified that she went home and subsequently returned to Mr. Jones’ house with her younger brother for the purpose of watching television in color, since the color on her set was not working. When she returned, after a few minutes Mr. Jones showed her a comb and asked her to scratch his head with it. He asked her to go into the kitchen and she stated that the two of them were alone there. He was seated in a chair with his back to the table while she, standing, proceeded to scratch his head with the comb. At some time during this period she said that his youngest child, Seany, came in and he chased her out of the room. When she told Mr. Jones that she was tired of scratching his head, she testified that he pulled her pants down, placed his hand upon her vagina and moved his fingers. She stated that she then said “no” and pulled up her pants. Whereupon Mr. Jones lifted her shirt and placed his lips on her breasts. She protested and he carried her to the stairway, placed her on the stairs and kissed her, putting his tongue in her mouth. She testified that when she returned to the living room she asked her brother to go home, and because he refused they both stayed until the program that they were watching had ended, and then she and her brother went home. She also testified that the following night she told her brother and mother what had happened between herself and the defendant.
The victim’s mother had testified that her daughter told her of the events of Saturday afternoon on Sunday evening and she subsequently told the police.
The complainant’s younger brother testified that he went to the Jones’ house with his sister on April 26,1980 at about 4:00 p.m. and was watching television with his sister and the Jones children. He stated that he heard Mr. Jones ask his sister to go into the kitchen to scratch his head. He *1084 also testified that he heard Mr. Jones tell Seany, “get out, get out” when Seany went into the kitchen. He stated that the only people in the house besides himself and his sister were Mr. Jones and the children, and that Mrs. Jones was not home. He then testified that when his sister and Mr. Jones went to the kitchen he and the Jones children were in the living room watching television until Seany attempted to enter the kitchen, and she returned when she was told to get out. He further testified that when his sister returned she was quiet, that Mr. Jones kept looking behind him, and that his sister told him the next evening what had happened at the Jones’ house.
Defendant’s motion for a trial order of dismissal was made pursuant to CPL 290.10 on the grounds that the evidence, at the end of the People’s case, was not legally sufficient to establish the offense charged. CPL 290.10 (subd 1) provides that the court may dismiss any count upon the grounds that the trial evidence is not legally sufficient to establish the offense charged, “or any lesser included offense” (emphasis supplied) and CPL 360.40 provides that the motion practice applicable to indictments are equally applicable to informations. CPL 360.50, pertaining to the submission of an information to the jury, also provides for the submission to the jury of any lesser included offense.
The court must therefore determine two facets of the issue. First, does section 130.16 of the Penal Law require that the People prove the elements of the crime of which the defendant is charged by evidence corroborating the testimony of the victim, and if so required, did they do so by legally sufficient evidence; and second, was the trial evidence legally sufficient to establish any offense which may be found to be a lesser included offense of the one charged?
Section 130.16 of the Penal Law states:
“A Person shall not be convicted of consensual sodomy, or an attempt to commit the same, or of any offense defined in this article of which lack of consent is an element but results solely from incapacity to consent because of the alleged victim’s age, mental defect, or mental incapacity, or an attempt to commit the same, solely on the testimony of the alleged victim, unsupported by other evidence tending to:
*1085 “(a) Establish that an attempt was made to engage the alleged victim in sexual intercourse; deviate sexual intercourse, or sexual contact, as the case may be, at the time of the alleged occurrence; and
“(b) Connect the defendant with the commission of the offense or attempted offense.”
The People argue that corroboration is not required in this case because in addition to the lack of consent by virtue of the victim’s age there was also proof of nonacquiescence. Certainly, the testimony of the victim that she said “no” and pulled up her pants when the defendant pulled them down, and her general attitude as testified to by her indicated her nonacquiescence. The People rely upon Matter of David M. (93 Misc 2d 545) and People v Levinsohn (80 Misc 2d 790) for their position. People v Levinsohn (supra) involved a case where the defendant was originally charged with sexual abuse in the first degree, which was reduced by the People in a prosecutor’s information to sexual abuse in the third degree, charging the defendant with having sexual contact with the victim without his consent. The court found that since the proof and the charge both indicated nonacquiescence the fact that the victim was also under age would not make corroboration necessary. Here the only charge is that of sexual abuse in the second degree in which lack of consent is based on the victim’s age. It is interesting to note that former section 130.15 of the Penal Law, the predecessor of section 130.16 specifically provided that the requirement of corroboration did not apply to sexual abuse in the third degree, but did apply where lack of consent resulted from incapacity because of the victim’s age. In such case the corroboration required was more than in other cases and required corroboration tending to “connect the defendant with commission of the offense”, in addition to establishing that an attempt was made to engage the witness in sexual contact and that there was lack of consent. The present statute, section 130.16 of the Penal Law, retained those requirements except for lack of consent.
The court can only come to the conclusion that corroboration is required to prove a charge of sexual abuse in the second degree (see, also, People v Pawley, 71 AD2d 307). *1086 The prior law, section 130.15 of the Penal Law, made it necessary “to produce additional proof, beyond the testimony of the complainant, that a sexual act had occurred, that the act was criminal in nature, and that the defendant was the person who committed the crime” (People v Daniels, 37 NY2d 624, 628). The court in the Daniels case (supra, p 628) went on to cite People v Radunovic (21 NY2d 186, 190), saying, “The corroboration had to extend to every material element of the crime.” In People v Daniels (supra), decided in 1975, the Court of Appeals reviewed the various degrees of corroborative testimony, which in that case involved the corroboration of the testimony of an accomplice witness. The Daniels case provided the guidelines for the various degrees of corroborative testimony. Referring to corroboration of a defendant’s confession, the court pointed out that it was on the opposite end of the scale from that of the corroborative evidence required for sexual offenses. In such case the proof need be only circumstantial and the statute is satisfied by the production of some proof, of whatever weight, that the crime was committed by someone.
The next degree , of corroborative testimony is with respect to the testimony of an accomplice which the court defined as the “middle ground”. (People v Daniels, supra, p 629.) Such corroborative evidence must tend “to connect the defendant with the commission of the offense.” (CPL 60.22, subd 1.) All that is necessary is to connect the accomplice to the crime in such a way that the jury may be reasonably satisfied that the accomplice is telling the truth.
In considering the corroboration of sex offenses, the court said (p 628), “This requirement, which was the most stringent of all the corroboration requirements, was deemed necessary since charges of sexual misconduct could easily be made and would be difficult to disprove.” (Emphasis supplied.) The court in Daniels (supra, p 628) further stated, “It was necessary to produce additional proof, beyond the testimony of the complainant, that a sexual act had occurred, that the act was criminal in nature, and that the defendant was the person who committed the crime.” In fact, it stated (p 628), “the rule was so strict that it *1087 became nearly impossible to enforce the criminal statutes with respect to sex offenses”.
The Legislature adopted section 130.16 of the Penal Law to replace section 130.15 and in doing so retained the need for corroboration when the sexual offense involved lack of consent because of age. In People v Pawley (supra, p 311) the court succinctly stated, “Presumably the Legislature was aware of the judicial application of section 130.15 as requiring corroboration at the indictment stage when it enacted section 130.16 and, had it intended a different construction, would have so indicated”.
It can hardly be stated that the testimony of the victim’s brother that the defendant and the victim were in the kitchen (even if alone) and she seemed quiet when she returned and wanted to go home, and even that she told him of the event the following night sufficiently meets the stringent requirements of corroboratory evidence of every element of the crime, and more particularly, that a sexual act had occurred as set forth in People v Daniels (supra); or that an attempt was made to engage the victim in sexual contact as set forth in section 130.16 of the Penal Law.
Having determined that as a matter of law there was insufficient evidence to corroborate the testimony of the victim as to a violation of section 130.60 of the Penal Law, the court, before it can consider dismissing the information, must determine the second question, that is, did the evidence support any lesser included offense of sexual abuse in the second degree. In reviewing the testimony, the court finds that the proof introduced did show, from the victim’s testimony alone that the defendant subjected her to sexual contact without her consent. Had the People charged the defendant with a second count of a violation of section 130.55 of the Penal Law there is no doubt that the elements of that crime were borne out by the victim’s testimony which would not require corroboration. Howéver, the District Attorney did not see fit to make that charge as a separate count. The court must, therefore, determine whether such charge is included in the charge of violation of section 130.60 of the Penal Law as a lesser included offense. CPL 1.20 (subd 37) provides, “ ‘Lesser included offense.’ When it is impossible to commit a parti *1088 cular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree, the latter is, with respect to the former, a ‘lesser included offense.’ ” Section 130.05 of the Penal Law provides that whether or not specifically stated it is an element of every offense defined in article 130, except consensual sodomy, that the sexual act was committed without the consent of the victim. That lack of consent may be shown by age or nonacquiescence. Here the conduct of the defendant was the same, whether the lack of consent was due to the victim’s lack of consent due to her age or due to her nonacquiescence. The rule in CPL 1.20 (subd 37) referring to the impossibility of committing one crime without committing the lesser offense was not intended to mean impossible under any circumstances but impossible under the particular facts of the case on trial. The rule is one of reason obtained from a study of the evidence, and the question is whether the lesser offense requires proof of an element which is not required to establish the greater offense (People v Cionek, 43 AD2d 256). The court must also be satisfied that a reasonable review of the evidence would support a finding that the defendant committed the lesser included offense but did not commit the greater (People v Scarborough, 49 NY2d 364; People v Graham, 57 AD2d 478, affd 44 NY2d 768). In the case on trial the elements are the same: (1) defendant subjects another person to sexual contact and, (2) (per section 130.05) there is lack of consent. Only the means by which the consent is lacking is different.
In People v Pawley (71 AD2d 307, 312, supra) the court found that the crime of sexual abuse in the third degree is a lesser included offense of sodomy in the first degree, and the court said, “where the offense charged is sexual abuse, lack of consent may be found in any circumstances ‘in which the victim does not expressly or impliedly acquiesce in the actor’s conduct.’ ” Here, although the charge was lack of consent due to the age of the victim, subdivision 2 of section 130.05 clearly provides, “Lack of consent results from *** (c) Where the offense charged is sexual abuse, any circumstances, in addition to * * * incapacity to consent, in which the victim does not expressly or impliedly acquiesce in the actor’s conduct.”
*1089 It is interesting to note that the statute singled out only “sexual abuse” to apply that principle and extended lack of consent in sexual abuse cases to circumstances in which the victim does not expressly or impliedly acquiesce in the actor’s conduct. The Legislature appeared to provide that where a charge of second degree sexual abuse could not be made out because of the failure of the necessity of corroboration any other circumstances were still available to prove lack of consent, which would then bring the charge within the ambit of section 130.55, a class B misdemeanor, instead of a class A misdemeanor. This is further borne out by the fact that even under the former section 130.15 of the Penal Law the crime of sexual abuse in the third degree was specifically omitted from the requirement of corroboration so long as the proof satisfied the elements of that section and not only those of some greater charge.
Since the charge is sexual abuse, any circumstance, in this case the statement by the witness “no” and the pulling up of her pants was sufficient to satisfy the element of lack of consent, which in the generic sense was mutual to both sections 130.60 and 130.55. It can also be reasoned that since the necessary corroboration was not proved to sustain a violation of the greater crime and the proof of all the elements of the lesser crime, sexual abuse in the third degree (Penal Law, § 130.55), were present, based upon the evidence introduced, the criteria that the defendant could be found guilty of the lesser crime but not the greater has been met and sexual abuse in the third degree, in this case borne out by the proof, is a lesser included offense of sexual abuse in the second degree as charged.
Since the trial evidence introduced during the People’s casa is legally sufficient to establish a lesser included offense of the offense charged, the motion by the defendant for a trial order of dismissal is denied.