OPINION OF THE COURT
Kevin C. Fogarty, J.
This child abuse petition alleges that the respondent stepfather has engaged in sexual contact with the child on numerous occasions since the child was three years of age; that he has engaged in fellatio and cunnilingus on or about February 26,1982; and that he asked the child to engage in sexual intercourse with him, the last time being on or about February 25, 1982.
The petitioner’s testimony before the court was that of the protective caseworker who investigated the complaint, two teachers from the child’s high school, and the child herself who testified in camera. The respondent and his wife, the child’s mother, testified on behalf of the respondent.
The testimony of the teachers was that in late January, 1982 the child came to them and said “she was having problems at home. Her father was touching her and making her do things.” About three weeks later, she came to *835 the teacher again crying that the “same things are going on.” The school counselor then called the child’s mother and filed the child abuse complaint.
The child, who is presently 16 years of age, testified that the respondent who is presently married to her mother has lived with them on and off since she was a baby. She alleged that since she was three years old he has fondled and touched her and that as she grew older the sexual contact increased until the respondent wanted “to go all the way” and she finally made a complaint.
The child testified to three specific incidents which she said occurred on February 4, February 25 and February 26, 1982. All three incidents occurred in the family home while the mother was out of the house.
The respondent denied all the allegations and the child’s mother testified that she believed her husband, that the child made up stories to keep them apart, and that she was opposed to her marriage to the respondent.
As in all cases of this nature, credibility is the single most important factor. The court is well aware of the serious nature of the acts involved and the need for these matters to be established by clear and convincing proof in view of the stigma attached to such a charge and the new statutory requirement that the court specify the sections of the Penal Law that have been violated. (Family Ct Act, § 1051, subd [e]; Matter of Christine H., 114 Misc 2d 475.)
As to the relative credibility of the principal witnesses, the court was thoroughly impressed with the young girl, with her sense of embarrassment, shame, and guilt, with her ability to remember significant details while being honest as to those matters she could not pinpoint in time or in exact sequence. She testified to details concerning the respondent’s behavior and statements during the acts which had the clear ring of truth and to his behavior after the acts in seeking to cover up and hide his deeds and these impressed the court, particularly her testimony concerning the hair dryer.
The child’s mother in her testimony both as to her relationship with the respondent and with her child was unimpressive. Her alleged conversation with her daughter *836 prior to her marriage about whether the child was afraid of the respondent or whether she had been abused by him seemed an attempt to shift the focus of the case from one of child abuse to one of a child seeking to break up her marriage.
The court finds it hard to believe that the mother did discuss whether or not her husband-to-be had abused her daughter without some prior suspicion that it might have happened, in light of the fact that both mother and daughter testified that the daughter had never made any complaint to her mother.
Additionally, in a relationship as tenuous as the one Mr. and Mrs. M. had, five major separations in a 15-year relationship in which they were separated as much as they were together, the reluctance of a 13-year-old girl to accept a marriage by her mother would be natural and normal and would not call for a questioning as to sexual abuse, particularly in light of the fact that the respondent said he had not seen the child for almost three years from July, 1976 to 1979 when he and Mrs. M. were reunited and then married on February 14, 1979.
The testimony of the respondent was unimpressive. For a man accused by a girl he claimed to love of sexual abuse, he showed no emotion. There was no rage, no anger, no pain, no hurt; he testified in a totally cool, controlled, and careful fashion, almost detached from the event.
While there may have been some mistakes on the young girl’s part as to the dates of occurrence, particularly with reference to the week she went to Florida with her mother, these were minor and unimportant. The respondent’s careful litany of his being out of the house after 2:30 p.m. on February 4 were irrelevant since the child had testified that on the date in question she had come home early from school and the incident occurred early in the afternoon.
On all the evidence that is before the court having heard the witnesses and evaluated their testimony, the court is satisfied that the petition has been established by clear and convincing proof that the respondent has committed the acts alleged in the petition.
The recent amendment of subdivision (e) of section 1051 of the Family Court Act by chapter 739 of the Laws of 1981 *837 requiring that if the court makes a finding of abuse as defined in section 1012 (subd [e], par [iii]) of the Family Court Act (sex offense against a child) “it shall make a further finding of the specific sex offenses as defined in article one hundred thirty of the penal law” (emphasis supplied) creates some difficulty for this court in that there appears to be a conflict between section 1012 of the Family Court Act and article 130 of the Penal Law. Child abuse proceedings are child protective proceedings, traditionally considered civil in nature. Since they have not in the past been punitive to the respondent, they have been based on a lower level of proof (Family Ct Act, §§ 1046,1012, subd [e], par [iii]), and may be founded on the testimony of the child and corroboration is not required.
However, section 130.16 of the Penal Law provides:
“A person shall not be convicted of consensual sodomy, or an attempt to commit same, or of any offense defined in this article of which lack of consent is an element but results solely from incapacity to consent because of the alleged victim’s age, mental defect, or mental incapacity, or an attempt to commit the same, solely on the testimony of the alleged victim, unsupported by other evidence tending to:
“(a) Establish that an attempt was made to engage the alleged victim in sexual intercourse, deviate sexual intercourse, or sexual contact, as the case may be, at the time of the alleged occurrence; and
“(b) Connect the defendant with the commission of the offense or attempted offense.” (Emphasis added.)
By statutory mandate independent corroboration of the testimony of the complaining witness is required to sustain charges involving sex offenses prosecuted under article 130 of the Penal Law, with the limited exception of prosecutions for sexual abuse in the third degree. (Penal Law, former § 130.15; see, also, People v Linzy, 31 NY2d 99; People v Thompson, 30 NY2d 971.)
The Court of Appeals holding in People v Thompson (supra), with respect to former section 130.15, applies equally to section 130.16. The corroboration requirement is a substantive provision in the Penal Law pertaining to requirements for proof. (People v Pawley, 71 AD2d 307.)
*838 The offense of sexual abuse in the third degree (Penal Law, § 130.55) does not require corroboration and has been established. (People v Pawley, supra; People v Jones, 107 Misc 2d 1082.)
In People v Grady (98 Misc 2d 473, 475), Judge Harris properly pointed out that at “common law the testimony of any victim of any sex offense, male or female, was not required to be corroborated” and that “the original justification for the corroboration requirement in sex offense cases lies in the chauvinistic argument that women are prone to sexual fantasies and given to ‘contriving false charges of sexual offenses by men.’ ” (See 3 Wigmore, Evidence [3d ed], p 459.)
To add this element in a child protective proceeding appears to be a misdirected attempt to highlight the serious nature of child abuse and to be totally counterproductive in such a proceeding.
The elevation of the fact-finding process from an emphasis of child protection under section 1012 (subd [e], par [iii]) of the Family Court Act to a requirement of conformity with article 130 of the Penal Law accomplishes only an increase in the level of proof required to sustain such a finding. Emphasis by courts on the “child protective nature” of these proceedings as justification for the continuance of the preponderance level of proof (Family Ct Act, § 1046, subd [b], par [i]) as the Appellate Division does in their recent decision (Matter of Linda C., 86 AD2d 356) does not take into account that these child protective proceedings are already accusatory in nature with regard to the named respondents and that unless a finding can be made against a particular respondent, the court is without power to protect a child found to be abused or neglected. (See Matter of Darlene J., NYLJ, June 29, 1982, p 16, col 4; Matter of Dina V., 86 AD2d 875; Matter of Shawn G., 76 AD2d 886; Matter of Daryl R. L., 67 AD2d 948.)
The court will assume that since it was the Legislature’s intent to apply these felony findings only in dispositional orders, it is only where the respondent is a natural father and so would also be subject to termination of parental rights that such findings must be made. (Family Ct Act, § 1052, subd [c].)
*839 While in the present case the respondent is not a parent so that the termination of parental rights element is not present as in Matter of Christine H. (supra), the accusatory nature of the proceeding, Penal Law elements, and the stigma attached to a finding of child abuse still requires that the proof be by clear and convincing evidence. No felony finding need be made in this proceeding. “This specification lays the basis for the Court’s new authority to terminate parental rights based on severe or repeated child abuse.” (Besharov, Supplemental Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act, § 1051, 1976-1981 Supplementary Pamphlet, p 498.)
However, the court has serious doubt as to whether the Family Court Act, § 1012 (subd [e], par [iii]) waiver of corroboration in a finding of sexual abuse as child abuse can be construed to waive a substantive element of the crime (Penal Law, § 130.16), and still find that a felony has been committed.
The clerk of the court is directed to calendar this case for a dispositional hearing on August 24, 1982 in Part II.