■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL SHAW, Appellant.—Judgment unanimously reversed, on the law, and indictment dismissed. Memorandum: Defendant was convicted of sexual abuse in the second degree (Penal Law § 130.60 [1]) after a nonjury trial on a charge of rape in the first degree predicated upon forcible compulsion (Penal Law § 130.35 [1]). The court correctly found that the evidence of forcible compulsion was insufficient, but concluded that there was adequate proof that defendant engaged in sexual intercourse with the victim when she was incapable of consent by reason of intoxication.

It is first noted that since it is theoretically possible to commit forcible rape without committing sexual abuse in the second degree, the latter crime is not a lesser included offense of rape in the first degree and should not have been considered by the court (see, CPL 1.20 [37]; People v Glover, 57 NY2d 61, 63). Beyond that, however, the evidence does not support a conviction for sexual abuse in the second degree.

Under Penal Law § 130.60 (1), a person is guilty of that crime when he subjects another person to sexual contact and such other person is "[i]ncapable of consent". In the context of this case, complainant could be deemed incapable of consent only by reason of mental incapacity (Penal Law § 130.05 [3] [c]). " 'Mentally incapacitated' means that a person is rendered temporarily incapable of appraising or controlling his conduct owing to the influence of a narcotic or intoxicating substance administered to him without his consent" (Penal Law § 130.00 [6]). There was no evidence whatsoever that alcohol was administered to complainant without her consent

(see, Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 130.00, p 448; *People v Di Noia*, 105 AD2d 799). Moreover, while the proof demonstrates that complainant voluntarily ingested alcohol, she testified that she was not intoxicated, and she had a vivid recall of the entire incident. There is no evidence in the record from which it could be found that she was not in command of all of her faculties during the entire time she was in the company of defendant.

Thus viewed, the evidence was insufficient to support a conviction for sexual abuse in any degree (*cf. People v Pawley*, 71 AD2d 307). (Appeal from judgment of Onondaga County Court, Cunningham, J.—sexual abuse, second degree.) Present —Dillon, P. J., Denman, Boomer, Green and O'Donnell, JJ.