Argued January 23, reversed and remanded February 11,
reconsideration denied March 13, petition for
review denied April 9, 1974

# STATE OF OREGON, *Appellant, v.* FREDERICK PAUL PAGEL, *Respondent.*

(Nos. C 73-06-1948 Cr, C 73-06-1949 Cr, C 73-06-1950 Cr, Consol.)

518 P2d 1037

*Timothy Wood,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Desmond D. Connall,* Portland, argued the cause for respondent. On the brief was Diane Wilp Spies, Portland.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

THORNTON, J.

Defendant was charged, under three separate indictments,[1] with first degree sexual abuse. ORS 163.425. The indictments allege that defendant subjected each of three different women to "sexual contact, by touching the breast * * *."[2] Defendant's demurrer to the indictments was sustained on the ground that ORS 163.425 is unconstitutionally vague. The state appeals.

The indictments were brought under ORS 163.425 (1) (b), which provides:

"(1) A person commits the crime of sexual

[1] The indictments were consolidated at trial and for this appeal. We shall treat them together since the issue raised by defendant's demurrer is the same as to each separate indictment.

[2] The charging portion of the indictments states:
"The said defendant, on or about * * * [date], in the County of Multnomah, State of Oregon, did unlawfully and knowingly subject * * * [name of victim] to sexual contact, by touching the breast, a sexual and intimate part of * * * [name], with the hand of defendant for the purpose of arousing and gratifying the sexual desires of the said defendant, the said * * * [name] being subjected to forcible compulsion by the said defendant * * *."

abuse in the first degree when he subjects another person to sexual contact; and

"* * * * *

"(b) The victim is subjected to forcible compulsion by the actor."

ORS 163.305 (7) defines "sexual contact" to mean:

"* * * [A]ny touching of the *sexual or other intimate parts* of a person not married to the actor * * * for the purpose of arousing or gratifying the sexual desire of either party." (Emphasis supplied.)

Defendant argues that the phrase "sexual or other intimate parts" contained in the above definition is so impermissibly vague that "a person of ordinary intelligence * * * [will not reasonably understand] that his contemplated conduct is forbidden," citing *United States v. Harriss,* 347 US 612, 617, 74 S Ct 808, 98 L Ed 989 (1954). Therefore, defendant argues, ORS 163.425 is unconstitutional.

■ Defendant, in this case, was not charged with touching the "sexual or other intimate parts of a person"; instead defendant was charged with touching the "breast" of each of these women. We do not evaluate ORS 163.425 and 163.305 (7) in the abstract, but "in the light of the conduct with which a defendant is charged." *United States v. National Dairy Corp.,* 372 US 29, 33, 83 S Ct 594, 9 L Ed 2d 561, 565 (1963); *see, United States v. Raines,* 362 US 17, 21, 80 S Ct 519, 4 L Ed 2d 524, 529 (1960); *State v. Drummond,* 6 Or App 558, 562, 489 P2d 958 (1971).

The Criminal Law Revision Commission's Commentary tells us that ORS 163.425 "is adapted from § 130.65 of the New York Revised Penal Law." Proposed Oregon Criminal Code 122, 123, § 116 (1970).

Section 130.65 uses the term "sexual contact," which is defined in § 130.00, subd 3, as "any touching of the sexual or other intimate parts." The Commentary to § 130.00, subd 3, states that

"* * * [t]he term 'sexual contact' will be applicable to such acts as the manipulation of a boy's genitals, digital penetration of a girl's private parts, and the unconsented fondling of a woman's breast." NY Penal Law § 130.00, subd 3 (McKinney 1967).

"Sexual contact," as defined in ORS 163.305 (7), was interpreted by the Criminal Law Revision Commission as applying

"* * * to acts of heterosexual or homosexual genital manipulation, and to acts such as the nonconsensual fondling of a woman's breast * * *." Proposed Oregon Criminal Code 104, 105, § 104 (1970).

In *People v. Blodgett,* 37 App Div2d 1035, 326 NYS2d 14 (1971), the New York court ruled that the language "sexual or other intimate parts" expressed in § 130.00, subd 3, of the New York Penal Law was "neither vague nor uncertain" and that the phrase "sexual contact" is not restricted only to touching of the "reproductive organs." 37 App Div2d at 1036.

This court will not rule a statute to be unconstitutional if the statute is capable of constitutional construction. *City of Portland v. Kreutz,* 7 Or App 618, 622, 492 P2d 824 (1972); *see also, State v. Hodges,* 254 Or 21, 26, 457 P2d 491 (1969). Although *People v. Blodgett,* supra, did not involve a touching of a woman's breast, we adopt the New York court's interpretation that "sexual contact" is applicable to more than the reproductive organs. *See, State v. Sallinger,* 11 Or App 592, 596-97, 504 P2d 1383 (1972). Accordingly, we

construe ORS 163.425 to be limited to those acts described by the commentaries to the New York Penal Law and to the Proposed Oregon Criminal Code, both quoted supra. Thus construed, ORS 163.425 is not unconstitutionally vague.

Reversed and remanded.