Argued December 16, 1977, affirmed March 13, reconsideration denied
May 3, petition for review denied June 20, 1978, 282 Or 537

STATE OF OREGON, *Respondent,*
*v.*
BEN LEO TURNER, *Appellant.*
(No. 6516, CA 8705)

575 P2d 1007

Harold A. Fabre, Pendleton, argued the cause for appellant. With him on the brief was Fabre & Ehlers, Pendleton.

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Tanzer, Presiding Judge, and Johnson and Roberts, Judges.

TANZER, J.

**TANZER, J.**

Defendant appeals from his conviction of sexual abuse in the first degree, ORS 163.425,[1] for having touched the breasts of a seven-year-old girl for the purpose of gratifying his sexual desires. Defendant moved for a judgment of acquittal, contending that the undeveloped breasts were not within the meaning of the sexual abuse statute. He requested an instruction that they were within the statute or not according to the circumstances[2] and he excepted to an instruction that breasts were within the statute as a matter of law.[3] He assigns adverse rulings on each as error.

We have hitherto recognized that genitalia and breasts are intimate parts as a matter of law under ORS 163.305(6), *State v. Pagel*, 16 Or App 412, 518 P2d 1037, *rev den, cert den* 419 US 867 (1974). That case dealt with an adult victim and the reasoning did not distinguish between adults and children. Here, the issue squarely presented by the denial of the motion for judgment of acquittal, defendant's requested instruction and the instruction given is whether the breasts of a prepubescent female child are also intimate parts within the meaning of ORS 163.305(6).

---

[1] ORS 163.425 provides:

"(1) A person commits the crime of sexual abuse in the first degree when he subjects another person to sexual contact; and

"(a) The victim is less than 12 years of age; or

"(b) The victim is subjected to forcible compulsion by the actor

"(2) Sexual abuse in the first degree is a Class C felony."

[2] " 'Sexual contact' requires the touching of the sexual organs or other intimate parts of the person. The term 'sexual or other intimate parts' would mean the genital organs and those parts of the body closely associated with sexual functions. In determining whether there was such sexual contact, you can consider the age and extent of sexual development of the party involved."

[3] "Contained within the allegations is the words 'sexual contact.' 'Sexual contact' means any touching of the sexual or other intimate parts of a person not married to the defendant or causing such person to touch the sexual or other intimate parts of the defendant for the purpose of arousing or gratifying the sexual desire of either party.

"The words 'intimate parts' do not limit the touching to reproductive organs but is intended to include breasts."

■ At the outset, it should be clear that the critical term is "intimate parts," not "sexual parts." In the statutory phrase "sexual or other intimate parts," the word "sexual" is an included illustrative term of the word "intimate." It is not a distinct concept as if the statute had said instead "sexual or intimate parts." The Criminal Law Revision Commission deliberately chose the term "intimate parts" in order to broaden the protection of the statute and avoid narrow judicial construction such as the holding in *State of Oregon v. Moore,* 194 Or 232, 240-41, 241 P2d 455 (1952), where the Supreme Court held that female breasts are not "private parts" because they are not genital organs and were therefore fair game for lecherous touching under a former statute.

There are three possible approaches to the issue:

(1) A child's undeveloped breasts are not intimate parts as a matter of law. This approach is embodied in the motion for judgment of acquittal.

(2) They are or are not according to the circumstances. This is the theory of defendant's requested instruction.

(3) They are intimate parts as a matter of law. This approach underlies the excepted instruction.

## (1) Not intimate as a matter of law

The first approach is wrong because it would fail to advance the statutory purpose. ORS 163.425(1)(a), which enhances the degree of the crime of sexual abuse if committed against children under 12, bespeaks a legislative intent to give greater protection of the law against sexual abuse to prepubescent children than to older persons. It would be contradictory to hold that immature body parts are not within the scope of a statute which purports to give greater attention to children. Thus, some body parts of children must be within the meaning of "intimate parts" even though

immature or undeveloped. The question is: which parts?

Undeveloped breasts may not be excluded from the class "intimate parts." There can be no serious contention that the genitalia of prepubescent children are not within the meaning of the phrase "intimate parts" even though they have not yet developed from purely excretory to sexual parts. The law should be construed to protect children from the possible psychological effects, present and future, of lascivious handling of their bodies. Within the purpose of the statute, nondeveloped female breasts are entirely analogous to sexually nondeveloped genitalia. Children sense these things. If they do not know now, they are likely later to know and react to the significance of such events whether they concern the breasts or genitalia. There is no reason to exclude breasts of children from the statutory coverage.

Therefore, we do not conclude as a matter of law that undeveloped parts of children's bodies are not intimate parts. Defendant's motion for judgment of acquittal was properly denied.

(2) The circumstantial approach

This approach, embodied by defendant's requested instruction and advanced by the dissent, would hold that body parts are intimate or not according to the circumstances of the individual case. The appeal of this approach is that it allows judges to avoid tough questions of law by bucking them to juries under vague instructions. The doctrine is superficially appealing, but it does not stand analysis.

It makes no sense to say that whether sexually undeveloped genitalia, if they can even be called "genitalia" at that stage, are intimate or not under the statute is determined by the circumstances. If the statute has any application to children at all, then the statute must assume that children have parts which are intimate. It would be unreasonable to conclude,

however, that the intimacy or not of a child's body part is to be regulated by circumstances. What circumstances? Is a child who displays a bare bottom or chest with an innocent lack of self-consciousness not protected by a statute which grants protection to a child who does so with modesty or shame that bespeaks a precocious sense of intimacy? Such an approach could not have been legislatively intended, would achieve no societal benefit and would create horrendous problems of proof.

The most basic problem with the approach is its superficiality. It poses a larger question than it purports to answer. It would not be enough to hold that intimacy or not depends upon the circumstances of the case and send cases to the jury under a vague instruction such as that proffered by defendant. Each jury would write its own statute. Such an interpretation and application would subject the statute to colorable attack as void for vagueness. As the Supreme Court held in *State v. Hodges,* 254 Or 21, 27-8, 457 P2d 491 (1969):

> "A law that is too vague for reasonable adjudication is bad on two grounds. A vague statute lends itself to an unconstitutional delegation of legislative power to the judge and jury, and, by permitting the jury to decide what the law will be, it offends the principle, if not the rule, against *ex post facto* laws. See Oregon Constitution, Art I, § 21.
>
> "It was argued in the case at bar that the jury should be permitted to exercise its own common sense and good judgment on the causes of delinquency, but this argument begs the question. Without a legislative declaration of standards, the trial court would have no basis for submitting one case to a jury and refusing to submit another case to a jury. Further, the trial jury would have no basis for deciding that a given course of conduct tended to endanger the welfare of a child, or that it had no such tendency. Some degree of *ad hoc* legislation by juries in finding defendants not guilty may be unavoidable and socially desirable to ease the edges of the criminal law, but the free-wheeling power to legislate so

as to find a defendant guilty should not be institutionalized in a criminal statute. Such a statute not only creates a serious danger of inequality in the administration of the criminal law, but it runs squarely contrary to the purpose of Oregon Constitution, Art I, § 21, which prohibits the delegation of legislative power."

We have upheld the constitutionality of the statute as it applies to genitalia and breasts as not void for vagueness because those parts are within the statute as a matter of law and not as a matter of circumstances. *State v. Pagel.*[4] We need not and do not give renewed color to such a challenge to the statute by unnecessarily construing it to include children's body parts only if circumstances suggest such inclusion. The situational approach is untenable and defendant's requested instruction was properly refused.

## (3) Intimate as a matter of law

■ This is the only sound approach. As a matter of law, a part of the body is either intimate or not, *i.e.,* is either within or without the scope of the statute. The situational aspect of the statute is found not in the "intimate parts" clause, but in the subsequent clause which deals with the intent of the actor: "for the purpose of arousing or gratifying the sexual desire of either party." Thus, a touching of an intimate part is a crime only if a circumstance of the touching is a sexual purpose. If the touching is not for sexual purposes, the sexual part is no less sexual and the intimate part is no less intimate, but the touching is not criminal.

As we pointed out in *Pagel,* breasts are intended by the statute to be regarded as intimate parts as a matter of law. The Commentary refers to three things which are meant by "intimate parts": (1) "genitalia,"

---

[4]The constitutional issue was not squarely presented in *State v. Buller,* 31 Or App 889, 571 P2d 1263 (1977), in which we held there to have been sufficient evidence to create a jury question regarding intimacy of clothed buttocks. The holding of *State v. Pagel,* 16 Or App 412, 518 P2d 1037, *rev den, cert den* 419 US 867 (1974), that the statute is not vague as to genitalia and breasts does not purport to adjudicate the issue as to other "anatomical areas" and we do not do so here.

(2) "breasts," and (3) "whatever anatomical areas the trier of fact deems 'intimate' in the particular cases which arise." Thus, "genitalia" and "breasts" are specifically comprehended by the term in any event. The circumstantial and community standards tests are applicable only to other "anatomical areas" and not to genitalia and breasts:

> "The inclusion of the words 'or other intimate parts' does not limit the touching to genitalia but is intended to include genitalia, breasts and whatever anatomical areas the trier of fact deems 'intimate' in the particular cases which arise. Thus the ultimate decision of 'intimate' parts is left to the community sense of decency, propriety and morality." Proposed Oregon Criminal Code 122, Commentary §§ 115 and 116 (1970).

■ It is clear from the above discussion of the first approach that the intention of the statute is to give enhanced protection to children. Thus the genitalia or breasts are no less protected by the statute because they are part of a child. As a matter of law, then, the undeveloped genitalia and breasts are included within the definition of "intimate parts." To hold otherwise, as urged by the dissent, that they are not entitled to absolute protection of the statute, but only to the situational protection accorded to "whatever anatomical areas the trier of fact deems 'intimate' in the particular cases which arise [according to] the community sense of decency, propriety and morality," would be unsound, unworkable, contrary to the statutory purpose, and perhaps unconstitutional.

Because genitalia and breasts are within ORS 163.305(6) as a matter of law, because children are intended to be within the protection of the criminal prohibition against sexual abuse, and because the statute does not suggest a circumstantial approach, such an approach being unworkable and perhaps constitutionally infirm, the instruction that a prepubescent girl's breast is an intimate part as a matter of law was correct in this respect.

Affirmed.

**JOHNSON, J.,** dissenting.

I concur with the majority that there is no basis for defendant's contention that a child's undeveloped breasts are not as a matter of law "sexual or intimate parts" under ORS 163.305(7). The motion for acquittal was properly denied. I disagree that this is not a question of fact for the jury. The majority states that "the appeal of this approach [i.e. question of fact for the jury] is that it allows judges to avoid tough questions of law * * *. The doctrine is superficially appealing, but it does not stand analysis." To the contrary, the appeal of the approach is that it is dictated by the statute. I agree that the result is unsound, but this does not give courts legislative license to rewrite the statute to conform it to our views of what is sound.

The legislative history indicates that the purpose of ORS 163.425 was to encompass several types of behavior, including fondling. This could have been accomplished by a statute which merely prohibited unconsented touching for the purpose of arousing or gratifying sexual desire. The legislature, however, chose to add an additional element that the touching must be "of the sexual or other intimate parts of a person." The rules of statutory construction, which the majority ignores, is that if the statute is silent as to what constitutes an intimate part, then this is a question for the jury. There is nothing vague about the term "intimate." Common, if not universal, use of the English language would indicate in this context that the term refers to any part of the body which a reasonable person could deem as private with respect to a salacious touching by another. The suggestion that the statute is unconstitutionally vague is a fallacious pretense to justify a legislative rewriting of the statute by the court. To ask a jury to determine whether a reasonable person would consider a part of the body to be intimate is no greater delegation of legislative power than it is to ask a jury, for example,

to determine whether a person has been criminally negligent.[1]

The fallaciousness of the majority reasoning is compounded by its conclusion that while certain parts of the body are as a matter of law intimate, other "anatomical areas" can be determined to be intimate by the jury. In other words, in order to satisfy its stated concern that the statute is unconstitutionally vague, the majority has written into the statute that certain parts of the body are as a matter of law intimate, but as to the intimacy of other parts, this is delegated to the jury to determine. Presumably the majority is concerned about this latter area, although in *State v. Buller,* 31 Or App 889, 571 P2d 1263 (1977), we held it was for the jury to determine whether clothed buttocks were intimate parts.

Even if there is an ambiguity in the statute, the legislative history makes it clear that the determination of whether any part of the body is intimate is for the jury. The Code Commentary states:

> "The inclusion of the words 'or other intimate parts' does not limit the touching to genitalia but is intended to include genitalia, breasts and whatever anatomical areas the trier of fact deems 'intimate' in the particular cases which arise. Thus the ultimate decision of 'intimate' parts is left to the community sense of decency, propriety and morality.
>
> "* * * * *
>
> "The precise meaning of 'other intimate parts' is not defined in the draft and the intent of the Commission is for the triers of the fact to determine what parts of the body are 'intimate.' " Proposed Oregon Criminal Code 122-23, Commentary, § 116 (1971).

---

[1] ORS 161.085(1) defines criminal negligence as follows:

" 'Criminal negligence' or 'criminally negligent,' when used with respect to a result or to a circumstance described by a statute defining an offense, means that a person fails to be aware of a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that the failure to be aware of it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation."

[ 166 ]

For the reasons stated above, I would also overrule our opinion in *State v. Pagel,* 16 Or App 412, 518 P2d 1037, *rev den, cert den* 419 US 867 (1974). The result in that case was correct.

I respectfully dissent.