No. 79-116

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

_____

STATE OF MONTANA,

                    Plaintiff and Appellant,

-vs-

ARTEMIS D. WEESE,

                    Defendant and Respondent.

_____

Appeal from: District Court of the Fourth Judicial District,
             In and for the County of Missoula,
             The Honorable James B. Wheelis, Judge presiding.

Counsel of Record:

    For Appellant:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Robert Deschamps, III, County Attorney, Missoula,
        Montana

    For Respondent:

        Smith, Connor & Van Valkenburg, Missoula, Montana

_____

Submitted on Briefs: August 1, 1980

Decided: 9-10-80

Filed: 9-10-80

_____
                    Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Defendant Artemis Darrell Weese was charged with sexual assault on a 9-year old female child. At the conclusion of the prosecution's case-in-chief, the trial judge dismissed the action on the ground that sexual contact had not been proved as a matter of law. The State appeals. We reverse.

The evidence is clear and uncontradicted. The victim, a 9-year old female, left the home of her babysitter and went to defendant's residence. She knocked on defendant's door and he let her in. Shortly thereafter, defendant pulled her onto his lap, pulled up her shirt and began rubbing her belly and chest but did not make contact with her nipples. Defendant offered her a dollar if he could continue the physical contact. She refused, got off his lap and left his house.

After the incident, the victim was extremely upset and related the incident to her babysitter and later to her mother. Upon seeing the defendant a couple of days later at a root beer stand, the victim again became agitated and asked her mother to take her home. Her mother then called the sheriff and this prosecution ensued.

Defendant was charged with sexual assault, a felony, as specified in section 45-5-502, MCA, in the District Court of Missoula County. Specifically he was charged with knowingly subjecting a minor child to sexual contact without consent by rubbing her stomach and trying to feel her chest.

The case came on for trial before a jury. At the conclusion of the prosecution's case-in-chief, defendant moved to dismiss the case for lack of evidence of either touching or attempting to touch a sexual part. The trial judge orally granted the motion pursuant to section 46-16-403, MCA, on the ground there was no evidence of sexual contact, an element of the crime charged, and no evidence of an attempt.

Subsequently, some three weeks later, the trial judge

entered written findings of fact and conclusions of law to the effect that the acts of the defendant did not constitute contact with either sexual or intimate parts, and therefore there was no evidence of sexual assault. Further, there was no attempt pursuant to section 45-4-103, MCA, because there was no direct unequivocal act toward such contact or expanding the area of contact, because defendant abandoned his effort, and because the State did not request that the case be submitted to the jury on a lesser included offense.

The State has appealed from the dismissal.

The findings and conclusions indicate that the trial court construed sexual contact to be limited to a touching of the anal or genital areas of a male or female or the breast of a female.

The sole issue on appeal is whether the foregoing evidence constitutes proof of "sexual contact" within the meaning of the sexual assault statute (section 45-5-502, MCA).

The crime of sexual assault is defined in pertinent part in this language:

> "A person who knowingly subjects another not his spouse to any sexual contact without consent commits the offense of sexual assault." Section 45-5-502(1), MCA.

"Sexual contact" under Montana law is defined as follows:

> "'Sexual contact' means any touching of the sexual or other intimate parts of the person of another for the purpose of arousing or gratifying the sexual desire of either party." Section 45-2-101(54), MCA.

Does this statutory definition of "sexual contact" encompass the rubbing of the belly and chest of a prepubescent female child?

In construing the statute, the intention of the legislature is to be pursued if possible. Section 1-2-102, MCA. The intention of the legislature must first be determined from the plain meaning of the words used and if the meaning of a statute can be so determined, courts may not go further and apply any

other means of interpretation. State ex rel. Zander v. Dist. Ct. (1979), ____Mont.____, 591 P.2d 656, 36 St.Rep.489; Haker v. Southwestern Ry. Co. (1978), 176 Mont. 364, 578 P.2d 724, 35 St.Rep. 523; Montana Dept. of SRS v. Angel (1978), 176 Mont. 293, 577 P.2d 1223, 35 St.Rep. 532. But where, as here, the meaning of the words "sexual or other intimate parts" cannot be determined from the language of the statute, courts must resort to other means of ascertaining what the legislature intended.

Accordingly, we look to the purpose of the statute for guidance concerning its meaning. It appears to us that the policy behind our sexual assault statute is to criminalize and punish sexual or intimate impositions that do not involve penetration [cf. section 45-5-503 (sexual intercourse without consent) and 45-5-505 (deviate sexual conduct)]; but which express a societal concern for such impositions because they provoke outrage, disgust or shame in the victim. The enhanced punishment for this offense when committed on a victim less than 16 years old by an offender 3 or more years older indicates an increased legislative concern for child victims.

The Commission Comment to the sexual assault statute bears out this legislative purpose. To like effect, see Model Penal Code, section 207.6, Comments.

Use of the terms "sexual or other intimate parts" indicates that the legislature did not intend to restrict the crime to a touching of the genitalia of either sex or a touching of a female's breast, but instead intended to give the terms a broader application. In keeping with the focus of sexual assault statutes on the outrage, disgust or shame engendered in the victim, other courts have held that the term "intimate parts" in such statutes include the buttocks (In the Matter of David M. (1978), 93 Misc.2d 545, 403 NYS2d 178), the hips (Matter of Welfare of Adams (1979), 24 Wash.App. 517, 601 P.2d 995), and the prepubescent chest of a 7-year old girl (State v. Turner (1978), 33

Or.App. 157, 575 P.2d 1007).

In view of the purpose of the statute and interpretations by other courts of the term "sexual or other intimate parts" in similar statutes, we construe the rubbing of the belly and chest of a 9-year old girl by an adult male for the purpose of gratifying his sexual desires as prohibited sexual contact within the meaning of the statute. Here the fact that defendant lifted the girl's shirt to make the contact and offered her money to be allowed to continue is evidence that his purpose was gratification of his sexual desires.

The uncontradicted evidence if believed by the jury was sufficient to sustain a conviction of sexual assault. The District Court was in error in granting defendant's motion for dismissal.

This cause is remanded to the District Court of Missoula County for trial consistent with this opinion.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

- 4 -