First degree sexual abuse; six years
During the early evening hours of February 21, 1980, the prosecutrix, a ten-year-old girl, was playing "hide and seek" with her next door neighbors at their house. The prosecutrix was lying behind a clothes rack in a dark, upstairs bedroom when the appellant, who resided at the house, put his knees on the prosecutrix's knees and attempted to put a towel around her mouth. The appellant placed his hand under the prosecutrix's dress and touched the middle of her thigh and her stomach. The prosecutrix hit his hand and he stopped. Immediately thereafter, she ran downstairs and reported the incident to the appellant's sister. She subsequently informed her mother who reported the incident to the police. About 10:00 P.M. that evening, Montgomery Police Youth Aid Investigator Steve Eiland arrested the appellant and took a recorded statement from him
 I
Appellant was indicted under § 13A-6-66 (a)(3) Code of Alabama 1975 (Amended 1977). It states:
 "(a) A person commits the crime of sexual abuse in the first degree if (3) He, being 16 years old or older, subjects another person to sexual contact who is less than 12 years old."
Section 13A-6-60 (3) Code of Alabama, supra, defines sexual contact as:
 "(3) SEXUAL CONTACT. The touching of the sexual or other intimate parts of a person not married to the actor, done for the purpose of gratifying the sexual desire of either party."
Appellant contends the State did not prove that a touching of an intimate part of the prosecutrix was accomplished with the necessary sexual intent or purpose. He maintains that mid-thigh and stomach are not "intimate parts" of a person
The trial court, in overruling appellant's motion to exclude, stated that the jury would have to determine whether an intimate part of the prosecutrix was touched. The trial judge charged the jury accordingly
Whether mid-thigh and stomach are "intimate parts" within the meaning of the sexual abuse statute, and whether that determination should be made by the trial court as a matter of law, or by the jury as a matter of fact, are questions of first impression in this State
While no statutory definition of "sexual or other intimate parts" exists, the comments following § 13A-6-66 indicate that they may include the genitalia and sexual organs of either sex, and the breast of a female
Several states use the phrase "sexual or other intimate parts" in their definitions of sexual contact. See Del. Code T 11, § 773 (d); Ky. Rev. Stat., § 510.010 (7); N.H. Rev. Stat. Ann. §632-A:1 (IV); New York Penal Law, § 130.00 (3) (McKinney); N.D Cent. Code, § 12.1-20-02 (2); Or. Rev. Stat., § 163.305 (6); 18 Pa. Cons. Stat. Ann., § 3101 (Purdon); Wash. Rev. Code, § 9A. 44.100 (2)
Some states specify anatomical parts within their definitions of sexual contact, see N.H.Rev.Stat.Ann., § 632-A:1 (IV); Ohio Rev. Code, Ann. § 2907.01 (B) (Page); Tex. Penal Code Ann. T.5, § 21.01 (2) (Vernon), while others specifically define the term "intimate parts," including within the definition the genital area, groin, anus, buttock, inner thigh, and breast Conn. Gen. Stat., § 53a-65 (8); Mich. Comp. Laws Ann., §§ 750.520a, 750.520b; Neb. Rev. Stat., § 28-318; N.J. Rev. Stat., § 2C:14-1 (e); N.M. Stat. Ann., § 30-9-12; R.I. Gen. Laws, § 11-37-1; S.C. Code, § 16-3-651 (d); Tenn. Code Ann., § 39-3702 (5)
At the outset, it should be clear that the critical term is "intimate parts," not "sexual." The phrase "or other intimate parts" is used in order to expand the protection of the statute and to avoid narrow judicial construction of the sexual abuse statutes. §§ 13A-6-66, -67, Code of Alabama, supra *Page 1039 
Thus, the term, "intimate parts" is somewhat broader in connotation than the term "sexual."
Some jurisdictions have determined specific parts of the body to be "intimate parts" as a matter of law. These are: the belly and chest of a prepubescent female child, State v. Weese, Mont., 616 P.2d 371 (1980); buttocks, Matter of David M.,93 Misc.2d 545, 403 N.Y.S.2d 178 (1978); People v. Thomas,91 Misc.2d 724, 398 N.Y.S.2d 821 (1977); and genital organs or breast, State v. Pagel, 16 Or. App. 412, 518 P.2d 1037, cert denied, 419 U.S. 867, 95 S.Ct. 124, 42 L.Ed.2d 105 (1974) Other jurisdictions have allowed the jury to determine what are "intimate parts." Included are the buttocks, State v. Buller,31 Or. App. 889, 571 P.2d 1263 (1977); and the hips, Matter ofWelfare of Adams, 24 Wn. App. 517, 601 P.2d 995 (1979)
In our judgment, the determination of which areas are intimate is properly a question of law to be resolved by the trial court. Common use of the English language would indicate that the term "intimate parts," in the context of the statute, refers to any part of the body which a reasonable person would consider private with respect to touching by another
We believe that the thigh and the stomach are sufficiently intimate parts of the anatomy that a person of ordinary intelligence has fair notice that the nonconsensual touching of them is prohibited, particularly if the touching is accomplished in the manner as revealed by the instant case. The statute is directed to protecting parts of the body in close proximity to the primary sexual areas which a reasonable person would deem private
Consequently, we find the evidence in this case to be sufficient and the trial court's rulings proper on this ground
 II
Appellant also asserts that there was insufficient proof that the touching was done for the purpose of gratifying his sexual desire
On its face, § 13A-6-66, fails to state any requisite culpable mental state. However, the term "sexual contact" as defined in § 13A-6-60 (3), and used in the above statute, requires that the touching be done for the purpose of gratifying the sexual desire of either party. Therefore, it is incumbent upon the State to establish intent to gratify the sexual desire of either party in order to complete proof of the crime
In the instant case, the appellant attempted to "pindown" the prosecutrix by placing his knees upon her knees while she was lying behind the clothes rack in a dark bedroom. He tried to "gag" her with a towel, put his hand under her dress, and touched her thigh and stomach. We find that these facts provide sufficient evidence, though circumstantial, from which the jury could have reasonably inferred the appellant's intent. Thus, we find no error in the trial court's ruling in this regard
 III
Appellant complains that the State failed to produce a transcript of his recorded statement as requested in his motion to produce
The record does not contain any ruling by the trial court on appellant's motion to produce. It also does not indicate any objection by the appellant to the court's failure to rule
Review is limited to matters on which rulings are invoked in the trial court. Boykin v. State, Ala.Cr.App., 398 So.2d 766, cert. denied, Ala., 398 So.2d 771 (1981). Thus, nothing is presented for our review. We note, however, that appellant was permitted to listen to the recording and to make his objections to its contents, outside the presence of the jury. Under these circumstances, we find no error
 IV
Appellant contends that his recorded statement was improperly admitted because it was partially inaudible and because it was made without a knowing and intelligent *Page 1040 
waiver of his Miranda rights. He also asserts that he suffers from a mental deficiency which rendered the statement involuntary and, thereby, inadmissible
Initially, we note that no evidence whatsoever was offered at trial to support appellant's assertion of mental deficiency Appellant may not raise an objection to evidence for the first time on appeal which was not raised at trial. Brown v. State, Ala.Cr.App., 392 So.2d 1248 (1980), cert. denied, Ala.,392 So.2d 1266 (1981). Appellant is bound by the ground of objection stated at trial. Gunn v. State, Ala.Cr.App.,387 So.2d 280, cert. denied, 387 So.2d 283 (1980). Assertions of counsel will not substitute for fact. Thus, we consider only that ground of objection specifically raised at trial
Appellant's contention concerning the inaudible condition of the recorded statement was not raised at trial. Thus, it is not before us for review. Brown, supra; Gunn, supra. Nevertheless, we have listened to the recording and do not find it so inaudible as to render it untrustworthy as a whole. Bufford vState, Ala.Cr.App., 382 So.2d 1162, cert. denied, Ala.,382 So.2d 1175 (1980), on return to remand, reversed on other grounds, Ala.Cr.App., 399 So.2d 894, 1981
Montgomery Police Youth Aid Investigator Steve Eiland testified that, after the appellant was arrested, he transported him to the police station, advised him of hisMiranda warnings, and had him execute a waiver of rights form The form was properly admitted into evidence. Officer Eiland testified that he asked appellant if he understood his rights and wanted to make a statement. He stated that the appellant said he was willing to answer his questions
The record fully establishes the complete voluntariness of the appellant's statement. Consequently, it was properly admitted into evidence. Myers v. State, Ala.Cr.App.,401 So.2d 288, (1981)
 V
Appellant maintains that it was reversible error to allow the State to question his sister concerning prior similar incidents involving him
The State asked Mrs. Estell King, the appellant's sister, the following question during her cross-examination:
 "Q. Have you had problems with Frank sexually molesting the children?"
The question was not answered. The trial court excused the jury and the State asked several similar questions to which Mrs. King negatively replied. The State then withdrew the line of questioning. Afterwards, the appellant moved for a mistrial and the trial court denied the motion
With no answer to the initial question, and negative answers, to those questions asked outside the presence of the jury: we find that the trial court's denial of the appellant's motion for a mistrial was proper. Brown, supra; Yates v. State, Ala.Cr.App., 390 So.2d 32 (1980)
 VI
Finally, appellant insists that it was error to refuse his written requested charges numbered twelve and thirteen. Both charges cover the duty of a juror to stand by his convictions and not to yield simply because the other jurors may disagree with him
Both charges have been found to be argumentative. See Whitev. State, 195 Ala. 681, 71 So. 452 (1916); Fowler v. State,155 Ala. 21, 45 So. 913 (1908). Thus, there was no error in their refusal. Our review of appellant's other written requested charges indicates they were properly refused
We have examined the record and transcript of evidence and find no error. Therefore, the judgment of conviction by the Montgomery Circuit Court is affirmed
AFFIRMED
All the Judges concur *Page 1041