[No. 60322-7.   En Banc.   November 24, 1993.]

THE STATE OF WASHINGTON, *Respondent*, v. R.P., *Petitioner.*

736

*R.P.*, pro se, and *Elizabeth Govaerts* of *Washington Appellate Defender Association,* for petitioner.

*William H. Hawkins, Prosecuting Attorney,* and *Leslie Seffern, Deputy,* for respondent.

PER CURIAM. — R.P. was charged and convicted in juvenile court on two counts of indecent liberties arising from two separate incidents involving a female junior high school classmate. His petition for review relates only to the first count, and argues that there was insufficient evidence that R.P. engaged in sexual contact. This count arose from an incident on or about March 26, 1991, in which R.P. allegedly picked up, hugged and kissed his classmate after track practice. During the course of events, he eventually placed what is commonly referred to as a "hickey" or "passion mark" on her right neck area.

We affirm the Court of Appeals decision in all respects but one. After examining the record and the facts of this case, we find that there was insufficient evidence of sexual contact to sustain count 1 (indecent liberties). We reverse R.P.'s conviction on that count.

ANDERSEN, C.J. (dissenting) — In reviewing this record, as we must, in light most favorable to the prosecution, I am unable to conclude that there was insufficient evidence to find each element of indecent liberties. *State v. Green,* 94 Wn.2d 216, 221, 616 P.2d 628 (1980). For that reason I dissent.

The trial court here found that this *second* sexual encounter with a young girl occurred after track practice at a junior high school. The victim and the defendant were waiting for their respective rides when the defendant picked the girl up against her will and placed her down in an area where he hugged and kissed her and eventually gave her a "hickey" on her neck. The defendant was restraining the girl during this time. The hickey was visible for more than 1 week.

A person is guilty of the crime of indecent liberties

when he knowingly causes another person who is not his spouse to have sexual contact with him or another:
(a) By forcible compulsion; . . .

RCW 9A.44.100(1)(a).

"Sexual contact" is defined as

any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party.

RCW 9A.44.010(2).

The defendant here challenged the trial judge's determination that defendant's lips sucking upon the victim's neck so as to result in a hickey constituted sexual contact.

The determination of which anatomical parts other than genitalia and breasts are "intimate" is a question to be resolved by the trier of fact. *In re Adams*, 24 Wn. App. 517, 520, 601 P.2d 995 (1979). The court in *Adams* held that hips are a sufficiently intimate part of the anatomy that nonconsensual touching of them is prohibited — particularly if the touching is incidental to other activities which are intended to promote sexual gratification of the actor. *Adams*, 24 Wn. App. at 520.

I agree with the trial court in this case that defendant's act of holding the victim down against her will, kissing her, hugging her and then sucking a hickey onto her neck was sexual contact.

For that reason, I dissent.

DOLLIVER and JOHNSON, JJ., concur with ANDERSEN, C.J.