# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  49635-6-II |
| Respondent, | |
| v. | |
| TYLER JUSTIN MCVEY, | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — Tyler McVey appeals his convictions for first degree rape of a child and first degree child molestation.  McVey argues that there was insufficient evidence for a trier of fact to find him guilty of either crime.  Specifically, McVey argues that the inconsistencies in E.S.'s testimony and the lack of medical corroboration of the charged crimes render the evidence insufficient.  However, because there was sufficient testimony that McVey committed each crime, we disagree.  Thus, we affirm his convictions.

## FACTS

E.S. is the daughter of Kecia Johnson and Jason Seevers, and was four-and-a-half years old at the time of these incidents.  Johnson and Seevers share custody of E.S.  Johnson was dating McVey at the time that the incidents for which McVey was charged with the crimes of first degree rape of a child and first degree child molestation occurred.  At trial, Johnson testified that while they were dating, Johnson left E.S. with McVey on three or four occasions when Johnson went to work.

Seevers testified that on April 7, 2015, McVey was watching E.S. when Seevers picked her up. On the ride home, Seevers noticed that E.S. was acting unusual, and he asked her if anything was wrong. E.S. replied that "[McVey] touches me, and I don't like it." I Verbatim Report of Proceedings (VRP) at 103. Seevers then called Johnson and had E.S. explain what she had just told Seevers. At Seevers's home, E.S. was given a doll and asked where McVey had touched her. E.S. then pointed to the doll's groin area. Later, Seevers took E.S. to a sexual assault clinic. E.S. was born in 2010 and McVey was born in 1989. Seevers and Johnson each testified that E.S. was not, nor ever had been, married to McVey.

Dr. Gilbert, a pediatrician at the sexual assault center, testified that she conducted a medical interview with E.S. at the sexual assault clinic. Dr. Gilbert asked E.S. why she was at the clinic. Dr. Gilbert stated that E.S. answered, "Because [McVey] pinched me." I VRP at 227. E.S. then pulled down her leggings and pinched and twisted her thigh, near her groin, in three separate locations showing Dr. Gilbert where McVey had pinched her. Then, while Dr. Gilbert was about to inspect E.S.'s genitals, E.S. grabbed her clitoral hood, pulled it out and twisted it, and said that "[t]his is what [McVey] does." I VRP at 237. Lastly, during the physical examination, Dr. Gilbert testified that E.S. showed Dr. Gilbert how McVey had penetrated her by pointing to her genitals and stating that "[t]his is what [McVey] taught me to do when he puts his fingers in here" and she pointed to her vagina. I VRP at 238. Dr. Gilbert testified that her medical examination did not show any signs of penetration. She also explained that the lack of forensic evidence is not abnormal when children have been sexually penetrated.

Sue Villa, a child forensic interviewer, later interviewed E.S. Villa testified that E.S. told her that McVey touched the area where E.S. "go[es] potty" and "[h]e 'screwed' it and it hurt." I

2

VRP at 177. Villa further testified that E.S. said that McVey had done that on multiple occasions and once McVey had put his "hand" inside of E.S. I VRP at 178. E.S. also testified at the trial and stated that she had told Seevers that McVey had touched her "private." I VRP at 125. She identified McVey as the defendant who was present in the courtroom.

The jury found McVey guilty of first degree rape of a child and first degree child molestation. He was sentenced to a standard range of 160 months to life. McVey appeals his convictions for both crimes.

## ANALYSIS

McVey argues that there is insufficient evidence to sustain either of his convictions, we disagree. Evidence is sufficient to support a conviction if, when viewed in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). "A claim of insufficiency admits the truth of the State's evidence." *Salinas*, 119 Wn.2d at 201. All reasonable inferences must be drawn in favor of the State and interpreted most strongly against the defendant. *Salinas*, 119 Wn.2d at 201. Only the trier of fact weighs the evidence and judges the credibility of witnesses. *State v. Camarillo*, 115 Wn. 2d 60, 71, 794 P.2d 850 (1990).

### I. FIRST DEGREE RAPE OF A CHILD

In order to convict a person of first degree rape of a child, the State must show beyond a reasonable doubt that the individual had ". . . sexual intercourse with another who is less than twelve years old and not married to the perpetrator and the perpetrator is at least twenty-four months older than the victim." RCW 9A.44.073(1). "Sexual intercourse" has its ordinary meaning and also means any penetration of the vagina however slight. RCW 9A.44.010(1).

Specifically, McVey argues that the "conviction is based on nothing more than speculation and conjecture." Br. of Appellant at 10. We disagree because the evidence was neither speculative nor conjectural because there was testimony from Dr. Gilbert, Seevers, and Villa, who had separate corroborating conversations and interactions with E.S.

Further, McVey's comparison of his case to *State v. Alexander* is misguided. 64 Wn. App. 147, 822 P.2d 1250 (1992). In *Alexander*, the court held that improper testimony, inadmissible hearsay, and improper conduct by the prosecution prevented the defendant from obtaining a fair trial. *See Alexander*, 64 Wn. App. at 158. Here, the only error McVey claims is that there was no forensic evidence of the abuse and that E.S's testimony was inconsistent. Also, because all child hearsay statements were admitted through a prior hearing, E.S.'s statements were properly brought forth through Seevers, Villa, and Dr. Gilbert. Thus, all evidence was admissible and was sufficient to support his conviction.

Seevers and Johnson each testified that E.S. was not, nor ever had been, married to McVey. E.S. was born in 2010 and McVey was born in 1989, which indicates that E.S. was less than 12 years old, and that McVey was more than 24 months older than E.S. Further, the State produced testimony from Dr. Gilbert and Villa that McVey penetrated E.S.'s vagina. Because we construe the facts and all reasonable inferences in favor of the State, a rational trier of fact could have found each of the essential elements of first degree rape of a child beyond a reasonable doubt. Because the State presented sufficient evidence that a rational trier of fact could find McVey guilty of first degree rape of a child beyond a reasonable doubt, we affirm his conviction.

## II. First Degree Child Molestation

In order to convict a person of first degree child molestation, the State must show beyond a reasonable doubt that the individual "knowingly causes another person under the age of eighteen to have, sexual contact with another who is less than twelve years old and not married to the perpetrator and the perpetrator is at least thirty-six months older than the victim." RCW 9A.44.083(1). "Sexual contact" means any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party or a third party. RCW 9A.44.010(2).

In determining whether the sexual contact element has been satisfied, we look to the totality of the facts and circumstances presented. *State v. Harstad*, 153 Wn. App. 10, 21, 218 P.3d 624 (2009). "Contact is intimate within the meaning of the statute if the conduct is of such a nature that a person of common intelligence could fairly be expected to know that, under the circumstances, the parts touched were intimate and therefore the touching was improper." *State v. Jackson*, 145 Wn. App. 814, 819, 187 P.3d 321 (2008) (internal quotations omitted). A jury may determine that "'parts of the body in close proximity to the primary erogenous areas'" are intimate parts. *Harstad*, 153 Wn. App. at 21 (quoting *In re Welfare of Adams*, 24 Wn. App. 517, 521, 601 P.2d 995 (1979)).

As stated above, Seevers and Johnson testified that E.S. was not, nor ever had been, married to McVey. E.S. was born in 2010 and McVey was born in 1989, which indicates that E.S. was less than 12 years old, and that McVey was more than 36 months older than E.S. The jury heard testimony of multiple acts on multiple occasions, including that McVey pinched E.S's upper thigh multiple times, and that McVey touched E.S.'s clitoris. Because McVey touched E.S. in these

5

ways, a person of common intelligence could fairly be expected to know that the touching was improper. *See Jackson*, 145 Wn. App.at 819. Further, we can assume that when the touching is in the erogenous areas, that it is for sexual gratification, absent evidence to the contrary, which contrary evidence does not exist here. *See Harstad*, 153 Wn. App. at 21.

Because we construe the facts and all reasonable inferences in favor of the State, a rational trier of fact could have found each of the essential elements of child molestation in the first degree beyond a reasonable doubt. Because the State presented sufficient evidence that a rational trier of fact could find McVey guilty of first degree child molestation beyond a reasonable doubt, we affirm his conviction for first degree child molestation.

Affirmed.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
SUTTON, J.

We concur:

_____
JOHANSON, J.

_____
MAXA, A.C.J.