## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
### DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Sexual Assault Protection Order for | ) ) ) ) | No. 39709-2-III |
| | ) | UNPUBLISHED OPINION |
| Amanda Lee Lorenzen. | ) ) ) | |

LAWRENCE-BERREY, C.J. — William Jacob Charboneau appeals a sexual assault

protection order (SAPO) issued by a superior court commissioner. The court

commissioner concluded that Charboneau's touching of his young daughter's genital area

was per se for the purpose of sexual gratification. Charboneau moved to revise that

order, but his motion was untimely. His error permits us to review the commissioner's

order, rather than dismiss this appeal for his failure to appeal the subsequently entered

superior court order on revision. We conclude that the court commissioner abused its

discretion by misconstruing the law, we reverse its order, and we remand for further

proceedings.

### FACTS

Amanda Lorenzen petitioned for a domestic violence protection order (DVPO)

against her ex-husband, William Jacob Charboneau. She asserted in her petition that she

and their two minor children, O.C., age 6, and L.C., age 10, needed protection because of verbal and physical abuse, and that there was an open criminal case involving allegations of Charboneau sexually abusing O.C. A superior court commissioner entered an ex parte temporary DVPO and set a hearing date for the petition.

Before the hearing, Lorenzen filed a declaration with an attached affidavit of dismissal from a deputy prosecutor. In the affidavit, the deputy prosecutor explained that he investigated O.C.'s disclosures that her father and L.C. inappropriately touched her vagina and that the State had charged Charboneau with rape of a child in the first degree and child molestation in the first degree. However, the deputy prosecutor explained he had the charges dismissed without prejudice because he did not believe the State could meet its burden to prove the elements of the crimes beyond a reasonable doubt. He noted, "[h]ad the burden of proof been any lower, the State would have proceeded to trial." Clerk's Papers (CP) at 44.

On April 13, 2023, the court commissioner held a hearing on the petition. Following argument by both parties, the commissioner orally denied Lorenzen's request for a DVPO, reasoning that she had failed to provide sufficient evidence to satisfy her burden of proof. However, the commissioner indicated it would issue an SAPO restraining Charboneau from contact with his two children.

With respect to its findings, the commissioner explained:

> I'm mindful that there is uncontested, between the parties, an account in which the respondent touched the intimate areas of his six year old daughter.
>
> Now, . . . there is no doubt that the respondent touched the intimate areas of his daughter, applying coconut oil to her genital region.[1] The parties state that there must be a finding of sexual motivation. That is correct in order for an order of this [sort] to be entered. And, it has to be met by a preponderance of the evidence.
>
> . . . .
>
> The case law[2] specifically states . . . with regards to the definition of sexual contact, it is the touching of the intimate areas of a . . . person done for the purpose of sexual gratification of either party. Where that contact is directly to the genital organs or the breasts, the question is resolved as a matter of law. That is what has occurred here. . . .
>
> . . . I find that based upon that sexual contact, the entry of an order of protection is appropriate.

Report of Proceedings (RP) at 22-23. Missing from the trial court's oral ruling or written findings is a finding that Charboneau touched his daughter for the purpose of sexual gratification. Immediately after its oral ruling, the commissioner issued the SAPO, restraining Charboneau from contact with O.C. and L.C.

PROCEDURE

On April 24, 2023, Charboneau moved the superior court for revision of the commissioner's order. He argued the commissioner abused its discretion by relying on

---

[1] In an exhibit submitted to the court commissioner, Charboneau explained to a polygraph examiner that O.C. had a rash on her vagina, and, based on advice from his sister, he applied coconut oil to treat the rash.

[2] The commissioner later mentioned *In re Welfare of Adams*, 24 Wn. App. 517, 601 P.2d 995 (1979), as the case supporting its ruling.

the affidavit of dismissal as the basis for the SAPO.  On May 5, 2023, Charboneau appealed the commissioner's order to this court.

While this appeal was pending, the superior court ruled on Charboneau's motion for revision.  The court narrowed the SAPO to protect only O.C., because only O.C. was a victim of sexual assault.  Mot. for Suppl. of R., *Lorenzen v. Charboneau*, No. 39709-2-III, Ex. 1, at 3 (Wash. Ct. App., July 31, 2023).

Pursuant to RAP 7.2(e), Charboneau moved this court to grant the superior court permission to enter its order on revision and also asked to supplement the record with a copy of the order.  Mot. for Suppl. of the R. at 1-27.  Our commissioner issued a notation ruling permitting the superior court to enter its order and informed Charboneau that he needed to initiate review of that order.  Comm'r's Ruling, *Lorenzen v. Charboneau*, No. 39709-2-III (Wash. Ct. App., Aug. 3, 2023).  Our commissioner denied Charboneau's motion to supplement the record, but informed him that he could supplement the designation of his clerk's papers without a court order.  *Id*.

Charboneau neglected to file an amended notice of appeal to initiate review of the superior court's order on revision.  Months later, we directed Charboneau to submit a supplemental brief answering why we should not dismiss his appeal for failure to appeal the superior court's revision order.  Letter from Tristen Worthen, Clerk/Administrator,

4

No. 39709-2-III
*In re SAPO for Lorenzen*

Wash. Ct. of Appeals, Div. III, *Lorenzen v. Charboneau*, No. 39709-2-III (Apr. 19, 2024).

ANALYSIS

*Failure to appeal the superior court's revision order*

In his supplemental brief, Charboneau contends we can review the commissioner's decision to issue the SAPO because the superior court did not revise the commissioner's order with respect to O.C. We disagree with this argument.

Under RCW 2.24.050, all commissioner rulings are subject to revision by the superior court. "On revision, the superior court reviews both the commissioner's findings of fact and conclusions of law de novo based upon the evidence and issues presented to the commissioner." *State v. Ramer*, 151 Wn.2d 106, 113, 86 P.3d 132 (2004). Once the superior court enters an order on revision, the appeal is from that order. *Id.* Thus, this court reviews the superior court's order, not the commissioner's order. *Id.*

Nevertheless, Charboneau's appeal of the commissioner's order is proper, but for a reason he has not argued. RCW 2.24.050 provides in relevant part:

> All of the acts and proceedings of court commissioners hereunder shall be
> subject to revision by the superior court. Any party in interest may have
> such revision upon demand made by written motion, filed with the clerk of
> the superior court, *within ten days* after entry of any order or judgment of
> the court commissioner. . . . [U]nless a demand for revision is made within
> ten days from the entry of the order or judgment of the court commissioner,
> the orders and judgments shall be and become the orders and judgments of

5

the superior court, and appellate review thereof may be sought in the same fashion as review of like orders and judgments entered by the judge.

Here, Charboneau's motion for revision was filed on the 11th day after entry of the commissioner's order. His untimely motion for revision saves him from his mistake of appealing the wrong order. In this case, two wrongs do make a right. Because Charboneau failed to timely move for revision of the commissioner's order, that order became final and was subject to direct appeal to this court.

*Review of commissioner's order*

We review a decision to grant or deny a protection order for abuse of discretion. *Rodriguez v. Zavala*, 188 Wn.2d 586, 590, 398 P.3d 1071 (2017). Abuse of discretion is found only when the decision is manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons. *State v. McCormick*, 166 Wn.2d 689, 706, 213 P.3d 32 (2009). A decision is based on untenable grounds or made for untenable reasons if it rests on facts unsupported in the record or was reached by applying the wrong legal standard. *State v. Rohrich*, 149 Wn.2d 647, 654, 71 P.3d 638 (2003).

Charboneau raises various arguments why we should reverse the commissioner's order. Toward the end of his brief, he raises what we deem is the winning argument: he argues the commissioner erred by treating a father's touching of his young daughter's vagina as a per se touching for purpose of sexual gratification.

6

To enter an SAPO, the court must find that the petitioner, or the person on whose behalf a petition has been brought, has been "subjected to nonconsensual sexual conduct or nonconsensual sexual penetration by the respondent." RCW 7.105.225(1)(b); RCW 7.105.010(28). "Sexual conduct" includes "any intentional or knowing touching of the clothed or unclothed body of a child under the age of 16, if done for the purpose of sexual gratification or arousal of the respondent or others." RCW 7.105.010(32)(e).

In its ruling, the commissioner relied on *In re Welfare of Adams*, 24 Wn. App. 517, 601 P.2d 995 (1979), to support its per se finding of sexual gratification. *Adams* concerned the crime of indecent liberties, former RCW 9A.88.100 (1975), which required a finding of sexual contact. *Id.* at 519 n.1. At the time, the statute defined "sexual contact" as "any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party." *Id.* The *Adams* court explained that if the contact is directly to the genital organs or breasts, the "sexual or other intimate parts" element is susceptible to being resolved as a matter of law. *Id.* at 519. The *Adams* court ultimately held that the defendant's touching of the victim's hips was "sexual contact" because the touching was incidental to other activities that were intended to promote sexual gratification to the defendant, such as him removing the pants of the victim and rocking as if trying to "work his way in." *Id.* at 520-21.

7

*Adams* does not hold that touching of the genital area constitutes per se touching for purposes of sexual gratification. The *Adams* court simply recited the rule that the "sexual or other intimate parts" element of the crime of indecent liberties was satisfied as a matter of law where the genitals or breasts were touched. *Id*. at 519. The *Adams* court still required a showing of other activities incidental to the sexual contact that promoted sexual gratification. *See id*. at 520-21.

Charboneau, citing *State v. Powell*, 62 Wn. App. 914, 816 P.2d 86 (1991), argues that proof of sexual gratification requires evidence beyond simply touching the intimate parts of one's child. We agree. The *Powell* court cited multiple cases, including *Adams*, where the courts required some additional evidence of sexual gratification to convict where the evidence showed the defendant touched sexual or intimate parts. *Id*. at 917.

Here, the commissioner misconstrued *Adams* and failed to make the required finding of whether Charboneau touched O.C. for the purpose of sexual gratification. Because the commissioner applied the wrong legal standard, it abused its discretion and we therefore vacate the SAPO.

Because remand is required, we address Charboneau's central argument on appeal. He argues the court commissioner abused its discretion by relying on the deputy prosecutor's affidavit. We disagree.

No. 39709-2-III
*In re SAPO for Lorenzen*

Generally, the Rules of Evidence need not be applied in proceedings for protection orders. ER 1101(c)(4); RCW 7.105.200(8). Accordingly, competent evidence sufficient to support a court's decision to grant or deny a petition for a protection order may contain hearsay or be wholly documentary. *Blackmon v. Blackmon*, 155 Wn. App. 715, 722, 230 P.3d 233 (2010); *see also Gourley v. Gourley*, 158 Wn.2d 460, 467, 145 P.3d 1185 (2006). With that said, it is solely the court's province to decide whether Charboneau touched O.C. for the purpose of sexual gratification, and the lower court should be wary of giving undue weight to an affiant's opinion that touches on what motivated Charboneau, especially when the affiant is not subject to cross-examination.

Reversed and remanded.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, C.J.

WE CONCUR:

Pennell, J.

Staab, J.

9